IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| **GEORGE WELCH,** | **PLAINTIFF** |
| **VS.** | **CIVIL ACTION NO.: 3:20-cv-122-NBB-JMV** |
| | **JURY TRIAL DEMANDED** |
| **CITY OF HERNANDO, MISSISSIPPI, ET AL,** | **DEFENDANTS** |

## AMENDED COMPLAINT

COMES NOW, the Plaintiff, George Welch, by and through undersigned Counsel, filing this Amended Complaint for Damages and in support thereof, would show this Honorable Court the following, to-wit:

## I. INTRODUCTION

1. This is an action against Defendants for federal constitutional violations and state law personal injuries suffered by Plaintiff as a result of their unlawful detention while Defendants acted under color of state law. Plaintiff brings this action for compensatory damages under 42 U.S.C. § 1983 because Defendants jointly and/or severally deprived Plaintiff of his federally-protected civil liberties and privileges to be free from unreasonable excessive force, to be free from unlawful search and seizure, to be free from arrest without just cause, and to be free to speak freely. U.S. CONST. amends. I, IV, XIV.

2. As a direct consequence of the policies, practices, and procedures of the City of Hernando (hereinafter "Defendant City"), Plaintiff was intentionally deprived of his constitutional rights guaranteed by the Fourth, First, and Fourteenth Amendments to the United States Constitution. Defendant Officer Joseph Harris, and other police officers (collectively "Defendant Officers")[1],

---

[1] The true names and capacities of all Defendant Officers are currently unknown to Plaintiff who therefore sues these

acting within the course and scope of their employment with the City of Hernando, and acting under color of state law, unjustifiably used excessive and unreasonable force, retaliated against Plaintiff's exercise of his right to speak freely, failed to intervene, and falsely arrested Plaintiff without probable cause and under circumstances where no reasonable police officer would have done so. Under well-established law on the above violations, Defendant Officers are not entitled to qualified or other immunity for these actions.

## II. JURISDICTION AND VENUE

3. This action is brought pursuant to 42 U.S.C. § 1983 and § 1988 and the First, Fourth, and Fourteenth Amendment to the United States Constitution, made applicable to Defendants through the Fourteenth Amendment to the United States Constitution. This Court has jurisdiction over Plaintiff's claim under 28 U.S.C. § 1331 (federal question) and under 28 U.S.C. § 1343(a)(3) (civil rights). This Court further has jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367 (supplemental jurisdiction) as those claims form part of the same case or controversy under Article III of the United States Constitution.

4. Venue is proper under 28 U.S.C. § 1391(b) because Defendant City is deemed to reside in any judicial district in which it is subject to the Court's personal jurisdiction with respect to the civil action in question; Defendant Officers are employees of Defendant City who acted in their official capacity or under color of legal authority; and all events, actions, and injuries giving rise to this claim occurred within the Northern District of Mississippi.

## III. PARTIES

---

Defendants by assumed names. However, Defendant Officers are believed to be individual officers of HPD. Plaintiff is informed and believes, and thereon alleges, that each of the Defendant Officer violated Plaintiff's federal constitutional rights or is otherwise legally responsible in some other actionable manner for the events and happenings referred to in this Complaint, and that Plaintiff's injuries and damages as alleged in this Complaint were caused by that violation or wrongful conduct. Plaintiff will amend this Complaint and state the true names and/or capacities of Defendant Officers when they have been ascertained.

5. Plaintiff, George Welch, is an adult citizen of Desoto County, Mississippi, who resides at 1777 Trapper Drive Hernando, MS 38632.

6. Defendant City is a municipality, duly incorporated under the laws of the State of Mississippi within the United States District for the Northern District of Mississippi and, as such, is a political subdivision of the State of Mississippi. Amongst its many functions, the City of Hernando operates and maintains a law enforcement agency known as the Hernando Police Department (hereinafter "HPD"). The City is under a duty to operate its police activities in a lawful manner to preserve the peace and dignity of the City and the rights, privileges, and immunities guaranteed and secured to its residents and visitors pursuant to the Constitution and the laws of the State of Mississippi. The City may be served with process through Mayor N.C. Tom Ferguson or City Clerk Katie Harbin at 475 W Commerce Street Hernando, MS 38632.

7. Defendant Officer Joseph Harris (hereinafter "Officer Harris") is an individual employed in Hernando, Desoto County, Mississippi. The acts and omissions complained of herein arise from the conduct of Officer Harris while he was acting under color of state law, and each act and omission was committed pursuant to Officer Harris's employment and authority as a police officer with the City of Hernando. Officer Harris may be served with process at HPD, which is located at 2601 Elm Street, Hernando, Mississippi 38632.

8. Defendant Officer Robert Scott (hereinafter "Officer Scott") is an individual employed in Hernando, Desoto County, Mississippi. The acts and omissions complained of herein arise from the conduct of Officer Scott while he was acting under color of state law, and each act and omission was committed pursuant to Officer Scott's employment and authority as a police officer with the City of Hernando, Mississippi. Officer Scott may be served with process at HPD, which is located at 2601 Elm Street, Hernando, Mississippi 38632.

9. Defendant Officer Roger Swatzyna (hereinafter "Officer Swatzyna") is an individual employed in Hernando, Desoto County, Mississippi. The acts and omissions complained of herein arise from the conduct of Officer Swatzyna while he was acting under color of state law, and each act and omission was committed pursuant to Officer Swatzyna's employment and authority as a police officer with the City of Hernando, Mississippi. Officer Swatzyna may be served with process at HPD, which is located at 2601 Elm Street, Hernando, Mississippi 38632.

10. Defendant Officer A. Lewis (hereinafter "Officer Lewis") is an individual employed in Hernando, Desoto County, Mississippi. The acts and omissions complained of herein arise from the conduct of Officer Lewis while he was acting under color of state law, and each act and omission was committed pursuant to Officer Lewis' employment and authority as a police officer with the City of Hernando, Mississippi. Officer Lewis may be served with process at HPD, which is located at 2601 Elm Street, Hernando, Mississippi 38632.

11. Defendants John and Janes Does 1-10, whose identities are unknown to the Plaintiff at this time, are upon information and belief, deputies and/or employees of the HPD. All allegations and claims asserted herein against the named Defendants are incorporated herein by reference against John and Janes Does 1-10. Said John and Janes Does 1-10, when their identities are known, will be named and joined in this action, if necessary, pursuant to Federal Rules of Civil Procedure.

### IV. FACTS

12. On December 23, 2018, Plaintiff, George Welch, was awakened by his doorbell being rung before 9:00 a.m. by Officer Harris of the Hernando Police Department.

13. Officer Harris informed Plaintiff that a neighbor called the police about his truck and trailer being parked in front of Plaintiff's home. Officer Harris asked Plaintiff to move the vehicle and Plaintiff agreed.

14. As they began to walk down the driveway, Officer Harris asked for Plaintiff's driver's license and Plaintiff declined.

15. In fear of his life and safety and confused and distraught from the events that were currently taking place, Plaintiff attempted to facetime his wife to have a witness; however, Office Harris grabbed Plaintiff's phone and threw it.

16. Without probable cause or justification whatsoever, Officer Harris aggressively and unreasonably slammed Plaintiff to the ground and hand cuffed Plaintiff.

17. After Plaintiff was hand cuffed, Officer Harris unreasonably deployed his taser at Plaintiff and electroshocked Plaintiff four (4) separate times.

18. Without probable cause or justification, Defendant Officers placed Plaintiff in a patrol car and transported him to the Hernando Police Department.

19. As a direct and proximate cause of the actions and omissions of Defendant Officers, Plaintiff suffered injuries to his wrist, arm, and back.

20. Moreover, Plaintiff is fearful of any future contact with law enforcement due to his encounter with Defendant Officers.

## V. CIVIL RIGHTS CLAIM

21. Plaintiffs' reallege paragraphs 1 through 20 of this Complaint and incorporate them herein by reference.

22. The Civil Rights Act, codified as 42 U.S.C. § 1983, provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any laws, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

23. Plaintiff alleges that Defendants, jointly and/or severally, deprived him of his Fourth and

First Amendment rights, and those rights, privileges, and immunities secured by the Fifth and Eighth Amendments to the Constitution as incorporated and applied to the states through the Fourteenth Amendment. Defendants violated Plaintiff's rights in the following ways:

    A.    By falsely arresting Plaintiff in violation of the Fourth Amendment and its reasonableness standard to be free from unreasonable, unlawful search and seizure, when no probable cause existed to make an arrest;

    B.    By using their badge, uniform, and authority invested by HPD to arrest Plaintiff in direct retaliation against Plaintiff's exercise of their rights to freedom of speech in violation of the First Amendment.

    C.    By using excessive force when detaining Plaintiff;

    D.    By failing to intervene while companion Officer Harris violated Plaintiff's constitutional rights.

    E.    By failing to provide supervision and/or proper training to prevent such incidents of excessive force, First Amendment retaliatory conduct, and false arrest.

Defendants' violations of Plaintiff's constitutional rights resulted in his suffering and were a direct cause of his injuries.

### A. CLAIM ONE: 42 U.S.C. § 1983 — PEACE OFFICER LIABILITY

#### 1. False Arrest

24. Plaintiff realleges paragraphs 1 through 23 of this Complaint and incorporates them herein by reference.

25. Plaintiff brings this claim against Officer Harris, Officer Scott, Officer Swatzyna, and Officer Lewis individually as well as in their official capacity, pursuant to 42 U.S.C. § 1983 and for punitive damages.

26. At all material times, Defendant Officers were acting under color of state law as agents and employees of Defendant City. Defendant Officers wore their official HPD uniform and were

acting within the course and scope of their duties as Hernando Police Officers at all times relevant during this cause of action.

27. Plaintiff demonstrates how Defendant Officers violated his federal constitutional rights and civil liberties guaranteed by the Fourth and Fourteenth Amendments by falsely arresting him.

28. Defendant Officers unlawfully acted under the color of state law to deprive Plaintiff of his Fourth Amendment right to be free from unlawful seizure by arresting Plaintiff without a warrant, without witnessing a criminal act, and without probable cause to believe a crime had occurred or was about to occur.

29. Plaintiff was asked by Officer Harris to move the truck and trailer that was parked in front of Plaintiff's home, and Plaintiff agreed and attempted to comply.

30. Despite Plaintiff's compliance, Officer Harris, without probable cause, continued to detain and harass Plaintiff.

31. Despite lacking probable cause, Officer Harris unlawfully slammed Plaintiff to the ground and placed him in handcuffs.

32. Despite lacking probable cause, Defendant Officers placed Plaintiff in a patrol car.

33. Without probable cause, Defendant Officers transported Plaintiff to the Hernando Police Department where he was jailed.

34. No reasonable officer, considering the facts and circumstances within Defendant Officers' knowledge, would have believed Plaintiff committed or was committing a criminal offense giving rise to probable cause to act as Defendant Officers did.

35. Defendant Officers used and abused their badges and their authority bestowed by HPD to interfere with Plaintiff's liberty without reasonable and just cause in violation of the Fourth Amendment.

36. Defendant Officers lacked probable cause to arrest Plaintiff based on the surrounding circumstances of his arrest.

37. At the time of the incident, there were no outstanding warrants for Plaintiff's arrest.

38. As a direct and proximate cause of this false arrest, Plaintiff suffered federal civil liberty violations, public humiliation, physical injury, medical expenses, lost wages, and mental and emotional distress.

### 2. First Amendment Retaliation

39. Plaintiff realleges paragraphs 1 through 38 of this Complaint and incorporates them herein by reference.

40. Plaintiff brings this claim against Officer Harris, individually as well as in their official capacity, pursuant to 42 U.S.C. § 1983 and for punitive damages.

41. At all material times, Officer Harris was acting under color of state law as an agent and employee of Defendant City. Officer Harris wore his official HPD uniform, and was acting within the course and scope of his duties as a Hernando Police Officer at all times relevant to this cause of action.

42. Plaintiff contends Officer Harris violated his federal constitutional guarantees of the First Amendment, incorporated to the states by the Fourteenth Amendment, by retaliating against the exercise of his right to speak freely.

43. Officer Harris willfully deprived Plaintiff of the constitutional guarantees of freedom of speech that forbid the states to punish the use of words or language that does not fall within narrowly limited classes of speech.

44. Officer Harris arrested Plaintiff based on speech that he communicated to him regarding the mistake that was taking place and his reasoning the truck and trailer were parked in front of

Plaintiff's home

45. Plaintiff's speech neither incited, produced, or threatened to incite or produce imminent violence or lawless action and was unlikely to incite, produce, or threaten imminent violence or lawlessness. Plaintiff's arrest as a result of his speech violated his right to speak freely.

46. Officer Harris retaliated against Plaintiff for explaining the situation and for telling Officer Harris "I don't have to show you a damn thing," when Officer Harris demanded Plaintiff's license without probable cause.

47. As a direct and proximate cause of Officer Harris' retaliation, Plaintiff suffered federal civil liberty violations, public humiliation, physical injury, medical expenses, lost wages, and mental and emotional distress.

### 3. Excessive Force

48. Plaintiff realleges paragraphs 1 through 47 of this Complaint and incorporates them herein by reference.

49. Plaintiff brings this claim against Officer Harris, individually as well as in his official capacity, pursuant to 42 U.S.C. § 1983 and for punitive damages.

50. At all material times, Officer Harris was acting under color of state law as an agent and employee of Defendant City. Officer Harris wore his official HPD uniform, and was acting within the course and scope of his duties as a Hernando Police Officer at all times relevant to this cause of action.

51. Plaintiff asserts Officer Harris violated his federal constitutional guarantees of the Fourth Amendment, incorporated to the states by the Fourteenth Amendment, to be free from excessive force.

52. Force is excessive, and therefore violates the Fourth Amendment, if it is not

reasonable in light of the circumstances facing the officer. *See Graham v. Connor*, 490 U.S. 386, 398 (1989). The facts and circumstances of this case show that Officer Harris' act of arresting Plaintiff was excessive and unreasonable.

53. Immediately after Officer Harris asked Plaintiff to move the truck and trailer, Plaintiff begins to comply.

54. Before Plaintiff could fully comply, Officer Harris, without probable cause, demanded Plaintiff's driver's license.

55. For his own safety and protection, Plaintiff attempted to call his wife via Facetime to be a witness.

56. Without probable cause, Officer Harris grabbed Plaintiff's phone, throwing it to the ground, and slammed Plaintiff's body to the ground, twisting his arm in an unnatural position.

57. In addition, after Officer Harris placed Plaintiff in handcuffs, Officer Harris deployed his taser to Plaintiff's back and electroshocked Plaintiff four (4) separate times in the back.

58. At the time of the incident, Officer Harris had no reason to believe Plaintiff was armed or dangerous.

59. Plaintiff made no violent movements towards Officer Harris or any other person that could be interpreted as threating.

60. Plaintiff made no verbal threats to Officer Harris or any other person.

61. Plaintiff did not commit a criminal act in Officer Harris' presence warranting arrest.

62. Officer Harris did not have probable cause to arrest Plaintiff.

63. Plaintiff also suffered from a swollen and bruised wrist, excruciating pain, embarrassment, and humiliation due to Officer Harris' excessive force.

64. Officer Harris' actions were unreasonable and unwarranted under the circumstances when

comparing or balancing the amount of force used against the need for the force under the current circumstances.

65. Therefore, by using subjectively and objectively unreasonable force while acting under color of state law, Officer Harris violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

66. As a direct and proximate cause of Officer Harris' excessive force, Plaintiff suffered federal civil liberty violations, public humiliation, physical injury, medical expenses, lost wages, and mental and emotional distress.

### 4. **Failure to Intervene – Officer Scott, Officer Swatzyna, and Officer Ratliff, Respectively**

67. Plaintiff realleges paragraphs 1 through 66 of this Complaint and incorporates them herein by reference.

68. Plaintiff brings this claim against Officer Scott, Officer Swatzyna, and Officer Ratliff, individually as well as in their official capacity, pursuant to 42 U.S.C. § 1983 and for punitive damages.

69. At all material times, Defendant Officers were acting under color of state law as agents and employees of Defendant City. Defendant Officers wore their official HPD uniform, and were acting within the course and scope of their duties as Hernando Police Officers at all times relevant to this cause of action.

70. Plaintiff asserts Defendant Officers violated his federal constitutional guarantees of the Fourth Amendment, incorporated to the states by the Fourteenth Amendment, and his Substantive Due Process rights by failing to intervene as companion officers.

71. Officers have a duty to protect individuals from constitutional violations by fellow officers.

Therefore, an officer who witnesses a fellow officer violating an individual's constitutional rights is liable to the victim for failing to intervene.

72. Defendant Officers failed to protect Plaintiff from a danger they proactively created and aggravated. Specifically, Defendant Officers immediately began violating Plaintiff's right to be free from unlawful search and seizure when they disregarded the circumstances of the situation, detained, and arrested Plaintiff.

73. Defendant Officers' actions and inactions were egregious and arbitrary.

74. Defendant Officers failed to prevent one another from causing or placing Plaintiff in direct and an unreasonable risk of harm, further violating his federal civil liberties.

75. Defendant Officers, individually, had reason to know that a constitutional violation had been committed by the other, and Defendant Officers had a realistic opportunity to intervene to prevent the risk of harm from occurring.

76. Defendant Officers also shared a law enforcement association where each respectively understood the policies and procedures in detaining and/or arresting a suspect and that such policies and procedures that would immediately violate an individual's constitutional rights if not complied with.

77. As a direct and proximate cause of Defendant Officers' actions and inactions, Plaintiff suffered federal civil liberty violations, public humiliation, physical injury, medical expenses, lost wages, and mental and emotional distress.

### B. CLAIM TWO: 42 U.S.C. § 1983 — MUNICIPAL LIABILITY

78. Plaintiff realleges paragraphs 1 through 77 of this Complaint and incorporate them herein by reference.

79. Plaintiff asserts that his constitutional rights were violated when Defendant Officers when

falsely arrested Plaintiff, retaliated against Plaintiff's use of his First Amendment right to speak freely, used excessive force to execute said arrest, and each officer respectively failed to intervene as he witnessed his fellow officer violate Plaintiff's constitutional rights.

80. Defendant City is also liable under 42 U.S.C. § 1983 for failing to supervise and train its police officers. In addition, the City's failure to supervise and train its police officers, and the City's willful blindness towards the constitutional violations of its employees, constitute gross negligence and/or deliberate and conscious indifference to citizens' rights, including the right to be free from constitutional violations under 42 U.S.C. § 1983 and 1988.

81. Additionally, municipalities may be held liable under 42 U.S.C. § 1983 for constitutional torts that are committed pursuant to a policy, procedure, practice, or custom of the municipality. Even if the City's practice of overlooking constitutional torts was not authorized by an officially adopted policy, the practice may be so common and well-settled that it fairly represents official policy. *See Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 404 (1997).

82. In the present case, Defendant City's formal and informal actions reflect a policy, practice, custom and procedure authorizing and allowing constitutional rights violations. Consequently, Defendant City is liable for harm caused to Plaintiff as a result of its policies, practices customs and procedures.

83. Defendant City is liable for the constitutional torts of Defendant Officers because Defendant City sanctioned the following customs, practices, and policies:

    (A)    Using unreasonable and excessive force to carry out detentions and/or arrests;

    (B)    Arbitrarily using arrests when they are not necessary or permitted by law;

    (C)    Ignoring the serious need for training and supervision of its officers regarding its policies and procedures when conducting detentions and/or arrests;

    (D)    Failing to adequately supervise and/or observe its officers;

    (E)    Failing to adequately train officers regarding the availability of alternative means other than the use of arrests, force, or excessive force without probable cause;

    (F)    Failing to discharge officers who have shown a pattern or practice of falsely arresting citizens;

    (G)    Failing to discharge officers who have shown a pattern or practice of using excessive force; and

    (H)    Adopting a practice whereby officers who are unfit for peace officer duties, as shown by prior actions in the line of duty, are allowed to retain their positions.

84. At the time Defendant Officers arrested Plaintiff, they were acting pursuant to an official city policy, practice, custom and procedure overlooking and/or authorizing police officer's excessive use of force and unlawful arrests. *See Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 659 (1978).

85. Thus, Defendant City's failure to supervise and train its police officers, and its willful blindness towards the constitutional violations of its employees was a direct cause of Plaintiff's injuries.

### 1. **Failure to Train a Single Police Officer.**

86. Plaintiff realleges paragraphs 1 through 85 of this Complaint and incorporate them herein by reference.

87. A city may be held liable for its failure to train a single police officer when the policymakers know about the pattern of unconstitutional misconduct and the officer's acts were so egregious that the city should have had clear warning that the particular officer posed a danger to citizens. *See Pineda v. City of Houston*, 124 F. Supp. 2d 1057 (S.D. Tex. 2000).

88. With respect to Defendant Officers, the need for additional or different training was necessary considering the circumstance of this incident. Defendant City knew that Defendant

Officers were likely to engage in other acts of wrongful conduct, yet Defendant City continuously failed to discipline, supervise, or train Defendant Officers.

89. Defendant City's acts and omissions, when viewed objectively, involved an extreme degree of risk considering the probability and magnitude of harm to citizens. Defendant City had actual, subjective awareness of the risks involved, but nevertheless preceded with conscious indifference to the rights, safety, or welfare of others, including Plaintiff.

90. Thus, in light of the substantial risks posed by Defendant Officers, Defendant City's failure to train them constitutes gross negligence and/or deliberate and conscious indifference to the rights, safety, and welfare of others, including Plaintiff.

## VI. DAMAGES

91. Plaintiff realleges paragraphs 1 through 90 of this Complaint and incorporate them herein by reference.

92. In addition to the damages mentioned in the preceding paragraphs as a direct and proximate result of the intentional and unlawful conduct of Defendant Officers and Defendant City, Plaintiff has suffered, and in reasonable probability will continue to suffer damages.

93. In addition, Defendant Officers are liable for compensatory and exemplary damages arising from their negligence and gross negligence.

## VII. ATTORNEY'S FEES

94. Plaintiff realleges paragraphs 1 through 93 of this Complaint and incorporate them herein by reference.

95. Plaintiff is entitled to recover attorney's fees and costs as required by the Civil Rights Attorney's Fees Award Act of 1976. 42 U.S.C. § 1988. Plaintiff hereby requests that the Court and jury award Plaintiff attorney's fees and expenses.

## VIII. JURY DEMAND

96. Plaintiff respectfully demands a jury trial pursuant to FED. R. CIV. P. 8(b).

## VIIII. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that Defendants be cited to appear and answer herein, and that Plaintiff has judgment against Defendants, jointly and/or severally, for actual damages above the jurisdictional minimum of the Court; exemplary damages; pre-judgment interest; post-judgment interest, court costs, attorney's fees and expenses, and all other relief to which Plaintiff is justly entitled, at law or in equity. Plaintiff prays for relief in the amount of $1,000,000.00.

Respectfully submitted this the 12th day of August, 2020.

ATTORNEYS FOR PLAINTIFF

**/s/ John Keith Perry, Jr.**
John Keith Perry, Jr.
MSB No.: 99909
**PERRYGRIFFIN, P.C.**
5699 Getwell Road
Building G, Suite 5
Southaven, MS 38672
Tele: (662) 536-6868
Fax: (662) 536-6869
Email: JKP@PerryGriffin.com


**/s/ Garret T. Estes**
Garret T. Estes
MSB No. 105517
**PERRYGRIFFIN, P.C.**
5699 Getwell Road
Building G, Suite 5
Hernando, MS 38672
Tele: (662) 536-6868
Fax: (662) 536-6869
Email: GE@PerryGriffin.com

**CERTIFICATE OF SERVICE**

      I certify that I have this day electronically filed this AMENDED COMPLAINT with the Clerk of the Court, using the CM/ECF system, which sent notification to the following counsel of record:

G. Todd Butler, MB #102907
Mallory K. Bland, MB #105665
4270 I-55 North
Jackson, Mississippi 39211-6391
Post Office Box 16114
Jackson, Mississippi 39236-6114
Telephone: 601-352-2300
Telecopier: 601-360-9777
Email: Todd.Butler@phelps.com
        Mallory.Bland@phelps.com

This the 12th day of August 2020.

                                                          **/s/ Garret T. Estes**
                                                          Garret T. Estes