**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**GEORGE WELCH**                                                       **PLAINTIFF**

**VS.**                                 **CIVIL ACTION NO.: 3:20-cv-00122-NBB-JMV**

**THE CITY OF HERNANDO,**
**MISSISSIPPI, ET AL.**                                         **DEFENDANTS**

### ANSWER AND AFFIRMATIVE DEFENSES OF MUNICIPAL DEFENDANTS TO PLAINTIFF'S AMENDED COMPLAINT

Defendants the City of Hernando, Mississippi; Officer Joseph Harris; Officer Robert Scott; Officer Roger Swatzyna; and Officer A. Lewis ("Municipal Defendants") submit this Answer and Affirmative Defenses to Plaintiff George Welch's ("Plaintiff") amended complaint.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's amended complaint fails to state a claim upon which relief can be granted, in whole or in part.

### SECOND AFFIRMATIVE DEFENSE

Municipal Defendants plead all applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff did not exhaust his administrative remedies or remedies available under state law for some or all of his allegations, claims, or theories, those allegations, claims, or theories may not be pursued in this action.

### FOURTH AFFIRMATIVE DEFENSE

The alleged deprivations of Plaintiff's rights did not occur through, nor were they caused by, an established policy or custom of the City of Hernando, Mississippi. Therefore, there is no municipal liability.

PD.29497031.1

## FIFTH AFFIRMATIVE DEFENSE

Municipal Defendants affirmatively plead that an award of punitive damages would amount to a violation of the United States and Mississippi Constitutions.

## SIXTH AFFIRMATIVE DEFENSE

Municipal Defendants plead the defenses of good faith and/or honest belief.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent applicable, Plaintiff's claims are barred by the doctrines of collateral, equitable, and/or judicial estoppel and/or res judicata.

## EIGHTH AFFIRMATIVE DEFENSE

Municipal Defendants plead after-acquired evidence.

## NINTH AFFIRMATIVE DEFENSE

To the extent Plaintiff has failed to comply with his duty to mitigate his request for damages, his entitlement to which is expressly denied, such damages must be reduced.

## TENTH AFFIRMATIVE DEFENSE

Municipal Defendants possess sovereign, absolute, and/or qualified immunity herein from suit and/or liability and/or damages.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks special damages, such damages have not been specifically stated.

## TWELFTH AFFIRMATIVE DEFENSE

Municipal Defendants are entitled to an award of attorney's fees because this action is vexatious and was brought in bad faith.

## THIRTEENTH AFFIRMATIVE DEFENSE

Municipal Defendants plead all statutory damage caps, including those applicable to requests for compensatory and punitive damages.

- 2 -

## FOURTEENTH AFFIRMATIVE DEFENSE

Municipal Defendants plead the doctrine of unclean hands.

## FIFTEENTH AFFIRMATIVE DEFENSE

Municipal Defendants acted in good faith at all times in their conduct toward Plaintiff, and Plaintiff's own actions, or the actions of a third party for whom Municipal Defendants are not responsible, were the proximate and superseding cause of any damages Plaintiff may have sustained. Municipal Defendants invoke all applicable contribution and comparative fault principles.

## SIXTEENTH AFFIRMATIVE DEFENSE

Municipal Defendants are entitled to all rights, immunities, and privileges contained in MISS. CODE ANN. § 11-46-1, et seq., including, but not limited to, all exemptions from liability set forth therein, the notice of claim requirements set forth therein, the limitations on liabilities set forth therein, and the fact that Plaintiff is not entitled to a jury trial pursuant to said Act.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by *Heck v. Humphrey*, 512 U.S. 477 (1994).

## EIGHTEENTH AFFIRMATIVE DEFENSE

Municipal Defendants invoke all applicable abstention doctrines and principles

## NINETEENTH AFFIRMATIVE DEFENSE

Municipal Defendants reserve the right to assert further affirmative defenses as they become evident through discovery or further investigation.

PD.29497031.1

## ANSWER

Without waiving any affirmative defenses, and reserving the right to assert further affirmative defenses as they become evident through discovery or further investigation, Municipal Defendants respond to the amended complaint as follows:

The first unnumbered paragraph beginning with "COMES NOW . . . " does not appear to require a response, but to the extent a response is required, Plaintiff is entitled to no relief whatsoever.

## I. INTRODUCTION

1.  Municipal Defendants deny the allegations contained in paragraph 1 of the amended complaint, except to admit that Plaintiff has filed a lawsuit against Municipal Defendants.

2.  Municipal Defendants deny the allegations contained in paragraph 2 of the amended complaint, including Footnote 1.

## II. JURISDICTION AND VENUE

3.  The allegations contained in paragraph 3 of the amended complaint state legal conclusions and therefore do not require a response.  To the extent a response is required, denied.

4.  Municipal Defendants deny the allegations contained in paragraph 4 of the amended complaint for lack of sufficient information.

## III. PARTIES

5.  Municipal Defendants deny the allegations contained in paragraph 5 of the amended complaint for lack of sufficient information.

6.  Municipal Defendant admits only that it may be served with process as required by law.

7.  Municipal Defendant admits only that he may be served with process as required by law.

8. Municipal Defendant admits only that he may be served with process as required by law.

9. Municipal Defendant admits only that he may be served with process as required by law.

10. Municipal Defendant admits only that he may be served with process as required by law.

11. Municipal Defendants deny the allegations contained in paragraph 11 of the amended complaint for lack of sufficient information.

## IV. FACTS

12. Municipal Defendants deny the allegations contained in paragraph 12 of the amended complaint.

13. Municipal Defendants deny the allegations contained in paragraph 13 of the amended complaint as incomplete.

14. Municipal Defendants deny the allegations contained in paragraph 14 of the amended complaint as incomplete.

15. Municipal Defendants deny the allegations contained in paragraph 15 of the amended complaint.

16. Municipal Defendants deny the allegations contained in paragraph 16 of the amended complaint.

17. Municipal Defendants deny the allegations contained in paragraph 17 of the amended complaint.

18. Municipal Defendants deny the allegations contained in paragraph 18 of the amended complaint.

PD.29497031.1

19. Municipal Defendants deny the allegations contained in paragraph 19 of the amended complaint.

20. Municipal Defendants deny the allegations contained in paragraph 20 of the amended complaint.

## V. CIVIL RIGHTS CLAIM

21. Municipal Defendants incorporate their prior responses in response to the allegations contained in paragraph 21 of the amended complaint.

22. The allegations contained in paragraph 22 of the amended complaint quote a statute and do not seem to require a response.

23. Municipal Defendants deny the allegations contained in paragraph 23 of the amended complaint, including sub-paragraphs A through E.

### A. CLAIM ONE: 42 U.S.C. § 1983 — PEACE OFFICER LIABILITY

### 1. <u>False Arrest</u>

24. Municipal Defendants incorporate their prior responses in response to the allegations contained in paragraph 24 of the amended complaint.

25. Municipal Defendants deny the allegations contained in paragraph 25 of the amended complaint, except to admit that Plaintiff has filed a lawsuit against Municipal Defendants.

26. The allegations contained in paragraph 26 of the amended complaint state legal conclusions and therefore do not require a response. To the extent a response is required, Municipal Defendants are without sufficient knowledge to know what Plaintiff believes is material. Therefore, the allegations are denied.

27. Municipal Defendants deny the allegations contained in paragraph 27 of the amended complaint.

28. Municipal Defendants deny the allegations contained in paragraph 28 of the amended complaint.

29. Municipal Defendants deny the allegations contained in paragraph 29 of the amended complaint.

30. Municipal Defendants deny the allegations contained in paragraph 30 of the amended complaint.

31. Municipal Defendants deny the allegations contained in paragraph 31 of the amended complaint.

32. Municipal Defendants deny the allegations contained in paragraph 32 of the amended complaint.

33. Municipal Defendants deny the allegations contained in paragraph 33 of the amended complaint.

34. Municipal Defendants deny the allegations contained in paragraph 34 of the amended complaint.

35. Municipal Defendants deny the allegations contained in paragraph 35 of the amended complaint.

36. Municipal Defendants deny the allegations contained in paragraph 36 of the amended complaint.

37. Municipal Defendants deny the allegations contained in paragraph 37 of the amended complaint for lack of sufficient information.

38. Municipal Defendants deny the allegations contained in paragraph 38 of the amended complaint.

## 2. <u>First Amendment Retaliation</u>

39.  Municipal Defendants incorporate their prior responses in response to the allegations contained in paragraph 39 of the amended complaint.

40.  Municipal Defendants admit only that Plaintiff has sued Officer Harris.

41.  The allegations contained in paragraph 41 of the amended complaint state legal conclusions and therefore do not require a response. To the extent a response is required, Municipal Defendants are without sufficient knowledge to know what Plaintiff believes is material. Therefore, the allegations are denied.

42.  Municipal Defendants deny the allegations contained in paragraph 42 of the amended complaint.

43.  Municipal Defendants deny the allegations contained in paragraph 43 of the amended complaint.

44.  Municipal Defendants deny the allegations contained in paragraph 44 of the amended complaint.

45.  Municipal Defendants deny the allegations contained in paragraph 45 of the amended complaint.

46.  Municipal Defendants deny the allegations contained in paragraph 46 of the amended complaint.

47.  Municipal Defendants deny the allegations contained in paragraph 47 of the amended complaint.

## 3. <u>Excessive Force</u>

48.  Municipal Defendants incorporate their prior responses in response to the allegations contained in paragraph 48 of the amended complaint.

49.  Municipal Defendants admit only that Plaintiff has sued Officer Harris.

- 8 -

50.   The allegations contained in paragraph 50 of the amended complaint state legal conclusions and therefore do not require a response.  To the extent a response is required, Municipal Defendants are without sufficient knowledge to know what Plaintiff believes is material.  Therefore, the allegations are denied.

51.  Municipal Defendants deny the allegations contained in paragraph 51 of the amended complaint.

52.  Municipal Defendants deny the allegations contained in paragraph 52 of the amended complaint.

53.  Municipal Defendants deny the allegations contained in paragraph 53 of the amended complaint.

54.  Municipal Defendants deny the allegations contained in paragraph 54 of the amended complaint.

55.  Municipal Defendants deny the allegations contained in paragraph 55 of the amended complaint for lack of sufficient information.

56.  Municipal Defendants deny the allegations contained in paragraph 56 of the amended complaint.

57.  Municipal Defendants deny the allegations contained in paragraph 57 of the amended complaint.

58.  Municipal Defendants deny the allegations contained in paragraph 58 of the amended complaint.

59.  Municipal Defendants deny the allegations contained in paragraph 59 of the amended complaint.

60.  Municipal Defendants deny the allegations contained in paragraph 60 of the amended complaint.

- 9 -

61.  Municipal Defendants deny the allegations contained in paragraph 61 of the amended complaint.

62.  Municipal Defendants deny the allegations contained in paragraph 62 of the amended complaint.

63.  Municipal Defendants deny the allegations contained in paragraph 63 of the amended complaint.

64.  Municipal Defendants deny the allegations contained in paragraph 64 of the amended complaint.

65.  Municipal Defendants deny the allegations contained in paragraph 65 of the amended complaint.

66.  Municipal Defendants deny the allegations contained in paragraph 66 of the amended complaint.

**4.  Failure to Intervene – Officer Scott, Officer Swatzyna, and Officer Ratliff, Respectively**

67.  Municipal Defendants incorporate their prior responses in response to the allegations contained in paragraph 67 of the amended complaint.

68.  Municipal Defendants admit only that Plaintiff has sued Officers Scott and Swatzyna.  An Officer Ratliff has not been named in this lawsuit.

69.  The allegations contained in paragraph 69 of the amended complaint state legal conclusions and therefore do not require a response.  To the extent a response is required, Municipal Defendants are without sufficient knowledge to know what Plaintiff believes is material.  Therefore, the allegations are denied.

70.  Municipal Defendants deny the allegations contained in paragraph 70 of the amended complaint.

71.  The allegations contained in paragraph 71 of the amended complaint state a legal conclusion and therefore do not require a response.

72.  Municipal Defendants deny the allegations contained in paragraph 72 of the amended complaint.

73.  Municipal Defendants deny the allegations contained in paragraph 73 of the amended complaint.

74.  Municipal Defendants deny the allegations contained in paragraph 74 of the amended complaint.

75.  Municipal Defendants deny the allegations contained in paragraph 75 of the amended complaint.

76.  The allegations in paragraph 76 of the amended complaint are unclear, and therefore, they are denied for lack of sufficient information.

77.  Municipal Defendants deny the allegations contained in paragraph 77 of the amended complaint.

**B.  CLAIM TWO: 42 U.S.C. § 1983 — MUNICIPAL LIABILITY**

78.  Municipal Defendants incorporate their prior responses in response to the allegations contained in paragraph 78 of the amended complaint.

79.  Municipal Defendants admit only that Plaintiff has sued them.

80.  Municipal Defendants deny the allegations contained in paragraph 80 of the amended complaint.

81.  The allegations contained in paragraph 81 of the amended complaint state legal conclusions and therefore do not require a response.  To the extent a response is required, denied as incomplete.

- 11 -

82. Municipal Defendants deny the allegations contained in paragraph 82 of the amended complaint.

83. Municipal Defendants deny the allegations contained in paragraph 83 of the amended complaint, including sub-paragraphs (A) through (H).

84. Municipal Defendants deny the allegations contained in paragraph 84 of the amended complaint.

85. Municipal Defendants deny the allegations contained in paragraph 85 of the amended complaint.

### 1. **Failure to Train a Single Police Officer.**

86. Municipal Defendants incorporate their prior responses in response to the allegations contained in paragraph 86 of the amended complaint.

87. The allegations contained in paragraph 87 of the amended complaint state legal conclusions and therefore do not require a response. To the extent a response is required, denied as incomplete.

88. Municipal Defendants deny the allegations contained in paragraph 88 of the amended complaint.

89. Municipal Defendants deny the allegations contained in paragraph 89 of the amended complaint.

90. Municipal Defendants deny the allegations contained in paragraph 90 of the amended complaint.

### VI. DAMAGES

91. Municipal Defendants incorporate their prior responses in response to the allegations contained in paragraph 91 of the amended complaint.

PD.29497031.1

92.  Municipal Defendants deny the allegations contained in paragraph 92 of the amended complaint.

93.  Municipal Defendants deny the allegations contained in paragraph 93 of the amended complaint.

## VII. ATTORNEY'S FEES

94.  Municipal Defendants incorporate their prior responses in response to the allegations contained in paragraph 94 of the amended complaint.

95.  Municipal Defendants deny the allegations contained in paragraph 95 of the amended complaint.

## VIII. JURY DEMAND

96.  Paragraph 96 of the amended complaint does not seem to require a response.  To the extent a response is required, Municipal Defendants state that this case should be dismissed outright without a trial.

## IX. PRAYER FOR RELIEF

Municipal Defendants deny the allegations contained in the unnumbered paragraph under the heading "Prayer for Relief," and Municipal Defendants further deny that Plaintiff is entitled to any relief whatsoever.

Consistent with the answers and affirmative defenses set forth herein, Municipal Defendants request that the complaint be dismissed, with all costs taxed to Plaintiff and an award of attorney's fees be provided to Municipal Defendants.

THIS the 19th day of August, 2020.

PD.29497031.1

Respectfully submitted,

PHELPS DUNBAR LLP

BY:   /s/ *Mallory K. Bland*
       G. Todd Butler, MB #102907
       Mallory K. Bland, MB #105665
       4270 I-55 North
       Jackson, Mississippi 39211-6391
       Post Office Box 16114
       Jackson, Mississippi 39236-6114
       Telephone: 601-352-2300
       Telecopier: 601-360-9777
       Email: todd.butler@phelps.com
       Email: mallory.bland@phelps.com

PD.29497031.1

## <u>CERTIFICATE OF SERVICE</u>

I certify that, on August 19, 2020, I had this Answer and Affirmative Defenses to Plaintiff's Amended Complaint electronically filed with the Clerk of the Court, using the CM/ECF system, which sent notification of such filing to the following counsel of record:

John Keith Perry, Jr.
Garret T. Estes
PERRY GRIFFIN, P.C.
5699 Getwell Road
Building G, Suite 5
Hernando, MS  38672
Telephone:  (662) 536-6868
Facsimile:  (662) 536-6869
JKP@PerryGriffin.com
GE@PerryGriffin.com

*ATTORNEYS FOR PLAINTIFF*


*/s/ Mallory K. Bland*
Mallory K. Bland