IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

GEORGE WELCH                                                        PLAINTIFF

VS.                                    CIVIL ACTION NO. 3:20-cv-00122-NBB-JMV

CITY OF HERNANDO, MISSISSIPPI, ET AL.                     DEFENDANTS

DEFENDANT THE CITY OF HERNANDO'S
OBJECTIONS AND RESPONSES TO PLAINTIFF GEORGE WELCH'S
FIRST SET OF INTERROGATORIES

The City of Hernando ("the City" or "Defendant") objects and responds to Plaintiff's First Set of Requests for Interrogatories, as follows. These responses reflect the City's best understanding of the facts to date, in light of reasonable inquiries that have been made. The City reserves the right to supplement or amend his responses as necessary.

**RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 1:** Identify each person answering these interrogatories, supplying information, or assisting in any way with the preparation of the answers to these interrogatories.

**RESPONSE TO INTERROGATORY NO. 1:** Chief Scott Worsham, with the assistance of counsel.

**INTERROGATORY NO. 2:** Identify all persons or entities that have possession, custody, or control of documents relevant to this suit and the documents over which they have possession, custody, or control.

**RESPONSE TO INTERROGATORY NO. 2:** The City objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and vague. To the extent not objectionable, the City, the Hernando Municipal Court, the County Court of DeSoto County, and Plaintiff.

PD.31057562.1

1

**INTERROGATORY NO. 3:** For any statements that have been taken from Plaintiff or taken on Defendant's behalf, relating to the facts that are the subject of this litigation, please state the following:

      a.      The identity of the person who gave or made the statement.

      b.      The substance of the statement.

      c.      The date when the statement was taken.

      d.      The identity of the person who took the statement.

      e.      Whether the statement was reduced to writing.

      f.      The present location of the statement and the identity of the person now in possession of the statement.

      g.      Whether Defendants will, without a formal request to produce, attach a copy of all statements described in the answer to this interrogatory.

**RESPONSE TO INTERROGATORY NO. 3:** The City objects to this Interrogatory as overly broad, unduly burdensome, vague, and to the extent it impermissibly calls for a narrative response and seeks information protected by the attorney client privilege or work product doctrine. To the extent not objectionable, please see the documents produced in connection with Municipal Defendants' Pre-Discovery Disclosures and those produced herewith. Also, certain witnesses testified in court proceedings before both the Hernando Municipal Court and the County Court of DeSoto County. Counsel for Plaintiff recorded the proceedings in the municipal court. The proceedings in the county court were transcribed by the court reporter.

**INTERROGATORY NO. 4:** Identify all prior incidents involving an accusation for abuse of authority, excessive force, or failure to provide medical treatment against each officer named in the complaint. Respond as follows:

      a.      State the date of the incident.

PD.31057562.1

    b.      Identify the officer accused.

    c.      State the surrounding circumstances and a description of the alleged abuse of authority, excessive force, or failure to provide medical treatment.

    d.      State the final resolution of the incident.

**RESPONSE TO INTERROGATORY NO. 4:** The City objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, and seeks irrelevant information not proportional to the needs of the case. *See, e.g., Miller v. Pancucci*, 141 F.R.D. 292 (C.D. Cal. 1992) (holding that interrogatories about prior complaints against defendant were irrelevant and not discoverable). To the extent not objectionable, a reasonable inquiry reveals no lawsuits involving accusations of abuse of authority, excessive force, or failure to provide medical treatment have been filed against the named officers in the last three years.

**INTERROGATORY NO. 5:** State the full name, badge or identification number, rank or title, date of birth, and present height and weight of all officers/deputies or employees of Hernando Police Department who participated in the incident that occurred on December 23, 2018.

**RESPONSE TO INTERROGATORY NO. 5:** The City objects to this Interrogatory as vague, overly broad, and seeking irrelevant information not proportional to the needs of the case. To the extent not objectionable, please see the individual defendants' interrogatory responses.

**INTERROGATORY NO. 6:** State the education level achieved by each of the agents or employees of Hernando Police Department who participated in the incident that is the subject of this litigation. Include the name and address of each institution, the dates of attendance, and the degree or certificate received.

**RESPONSE TO INTERROGATORY NO. 6:** The City objects to this Interrogatory as unduly burdensome and seeking irrelevant information not proportional to the needs of the case.

**INTERROGATORY NO. 7:** State the training or experience required for service as an officer/deputy for Hernando Police Department.

**RESPONSE TO INTERROGATORY NO. 8:** Qualifications for employment as a police officer are dictated by Miss. Code § 45-6-11.

**INTERROGATORY NO. 8:** Identify and describe the internal administrative procedures for addressing complaints and correcting instances of abuse of authority, excessive force, or failure to provide medical care by officers of Hernando Police Department. Respond as follows:

     a.    State whether the procedures include investigation of complaints and disciplinary consequences.

     b.    Identify each person responsible for overseeing or initiating the procedures.

     c.    Identify each person responsible for the ultimate decision on the complaint.

**RESPONSE TO INTERROGATORY NO. 8:** Defendant objects to this Interrogatory on the grounds that it is overly broad, impermissibly calls for a narrative response, and seeks irrelevant information not proportional to the needs of the case. To the extent not objectionable, please see DEF-00149 to DEF-00153 produced herewith.

**INTERROGATORY NO. 9:** Specify the administrative procedures used in response to the claim made by Plaintiff and the ultimate decision on that claim.

**RESPONSE TO INTERROGATORY NO. 9:** Prior to filing this lawsuit, Plaintiff did not file a complaint with the City of Hernando or Hernando Police Department.

**INTERROGATORY NO. 10:** Describe in specific detail the events leading up to and following the injury/detention of Plaintiff.

**RESPONSE TO INTERROGATORY NO. 10:** The City objects to this Interrogatory as directed at the wrong party, overly broad, vague, and as impermissibly calling for a narrative

response. To the extent not objectionable, please see DEF-00001 to DEF-00028 and DEF-00148 produced in connection with Municipal Defendants' Pre-Discovery Disclosures.

**INTERROGATORY NO. 11:** How many times has the Hernando Police Department found that the use of force by an Officer against an individual during an arrest or during detention during the last five (5) years, was not in policy?

**RESPONSE TO INTERROGATORY NO. 11:** The City objects to this Interrogatory on the grounds that it is overly broad in scope and time, vague, seeks irrelevant information not proportional to the needs of the case, and constitutes an impermissible fishing expedition. *See, e.g., Miller v. Pancucci*, 141 F.R.D. 292 (C.D. Cal. 1992) (holding that interrogatories about prior complaints against defendant were irrelevant and not discoverable).

**INTERROGATORY NO. 12:** Identify all previous complaints or lawsuits that have been filed against law enforcement personnel of Hernando Police Department that charged them with abuse of authority, excessive force, or failure to provide medical care within the last five (5) years preceding the date of the events giving rise to this lawsuit. Include the following:

      a.     Whether the complaint or lawsuit was based on facts leading up to an arrest.

      b.     The identity of each complainant.

**RESPONSE TO INTERROGATORY NO. 12:** The City objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, seeks irrelevant information not proportional to the needs of the case, and calls for information that is equally accessible to Plaintiff through the public domain. *See, e.g., Miller v. Pancucci*, 141 F.R.D. 292 (C.D. Cal. 1992) (holding that interrogatories about prior complaints against defendant were irrelevant and not discoverable). In light of reasonable inquiries made, the only lawsuit responsive to this Interrogatory is *Smith v. Davenport*, No. 3:16-cv-00085-GHD-DAS, filed in the United States

District Court for the Southern District of Mississippi on May 9, 2016. The plaintiff in that case raised claims of false arrest and excessive force. The claim against the City was dismissed on July 13, 2016, and the case was fully dismissed on May 3, 2017.

**INTERROGATORY NO. 13:** For each settlement of a lawsuit against an officer during the five (5) year period ending on December 23, 2018 in which excessive force was alleged, identify (a) the plaintiff, (b) the involved officer(s), (c) the case number, (d) the date of the incident, and (e) the amount of the settlement.

**RESPONSE TO INTERROGATORY NO. 13:** The City objects to this Interrogatory on the grounds that it is unduly burdensome, seeks confidential information, and seeks irrelevant information that is not proportional to the needs of the case. *See, e.g., Miller v. Pancucci*, 141 F.R.D. 292 (C.D. Cal. 1992) (holding that interrogatories about prior complaints against defendant were irrelevant and not discoverable). To the extent not objectionable, a reasonable inquiry reveals none.

**INTERROGATORY NO. 14:** For each settlement of a lawsuit against an officer(s) during the five (5) year period ending on December 23, 2018 in which excessive force was alleged, state whether you disciplined the officer(s).

**RESPONSE TO INTERROGATORY NO. 14:** The City objects to this Interrogatory on the grounds that it is unduly burdensome, seeks confidential information, and seeks irrelevant information that is not proportional to the needs of the case. *See, e.g., Miller v. Pancucci*, 141 F.R.D. 292 (C.D. Cal. 1992) (holding that interrogatories about prior complaints against defendant were irrelevant and not discoverable). To the extent not objectionable, please see the response to Interrogatory No. 13.

**INTERROGATORY NO. 15:** If any of the officers or employees of Hernando Police Department who participated in the December 23, 2018 incident against Plaintiff drank any alcoholic beverages or ingested any intoxicating substances before coming on duty or during the course of their assignment, identify the substances and the amount ingested by each person.

**RESPONSE TO INTERROGATORY NO. 15:** The City objects to this Interrogatory on the grounds that it is overly broad in scope and time and seeks irrelevant information not proportional to the needs of the case as there has never been any allegation that any of the defendant officers were under the influence of alcohol or any other intoxicating substances at the time of the incident. To the extent not objectionable, none of the officers were under the influence at the time of the incident.

**INTERROGATORY NO. 16:** Identify and describe the reasons for the Officer Harris' aggressively and unreasonably slamming Plaintiff to the ground and placing Plaintiff in handcuffs, as well as Officer Harris' unreasonable deployment of his taser while Plaintiff was already on the ground and in handcuffs and include the following:

a. The circumstances that led the officers to believe there was probable cause to slam Plaintiff to the ground and place in handcuffs.

b. The circumstances that led to the officers to believe there was probable cause to tase Plaintiff while Plaintiff was on the ground and in handcuffs.

c. All details about the manner of effecting the incident.

d. Whether Plaintiff was charged and, if so, what the charge was.

**RESPONSE TO INTERROGATORY NO. 16:** The City objects to this Interrogatory on the grounds that it mischaracterizes the facts and impermissibly calls for a narrative response. To the extent not objectionable, please see DEF-00001 to DEF-00028 produced in connection with Municipal Defendants' Pre-Discovery Disclosures for a description of Plaintiff's unlawful behavior.

**INTERROGATORY NO. 17:** If any officers or other persons present at the incident drew their service revolvers or any other weapon, identify each officer and the weapon drawn and state the reasons for such action.

**RESPONSE TO INTERROGATORY NO. 17:** The City objects to this Interrogatory on the grounds that it is overly broad in scope and time and seeks irrelevant information not proportional to the needs of the case as there has never been any allegation that any of the defendant officers drew their service revolvers or other weapons, with the exception of Officer Harris' taser. To the extent not objectionable, Officer Harris' taser was the only weapon drawn.

**INTERROGATORY NO. 18:** Identify and describe all physical contact or force used by the officers/deputies of Hernando Police Department during the Plaintiff's injury/detention.

**RESPONSE TO INTERROGATORY NO. 18:** Please see DEF-00001 to DEF-00028 previously produced in connection with Municipal Defendants' Pre-Discovery Disclosures.

**INTERROGATORY NO. 19:** If Plaintiff was placed in custody, state the duration of that custody.

**RESPONSE TO INTERROGATORY NO. 19:** The City objects to this Interrogatory on the grounds that it is unduly burdensome in that it seeks information within the knowledge of the Plaintiff, and it seeks irrelevant information not proportional to the needs of the case. To the extent not objectionable, please see DEF-00011 noting Plaintiff was arrested at 0908 hours and released to the custody of the DeSoto County Jail at 1100 hours.

**INTERROGATORY NO. 20:** If an internal investigation was conducted by Hernando Police Department or any other agency, identify any reports that were issued or any actions that were taken as a result of the investigation.

PD.31057562.1

**RESPONSE TO INTERROGATORY NO. 20:** The City objects to this Interrogatory on the grounds that it is overly broad in scope and time, vague, not sufficiently specific to allow for a focused response and seeks irrelevant information that is not proportional to the needs of the case. To the extent not objectionable, please see the Response to Resistance form, previously produced in connection with Municipal Defendants' Pre-Discovery Disclosures as DEF-00026 to DEF-00028.

**INTERROGATORY NO. 21**: Identify any crime scene photographs or reports that resulted from Plaintiff's injury/detention.

**RESPONSE TO INTERROGATORY NO. 21:** Please see DEF-00005 to DEF-00008 produced in connection with Municipal Defendants' Pre-Discovery Disclosures and pictures showing injuries allegedly incurred produced by Plaintiff in responses to The City's Requests for Production of Documents.

**INTERROGATORY NO. 22:** Identify all documents, including reports made or statements taken or received by any officer/deputy or other employee of Hernando Police Department regarding the injury/detention of Plaintiff and the conduct of those present for those events.

**RESPONSE TO INTERROGATORY NO. 22:** The City objects to this Interrogatory on the grounds that it is duplicative and impermissibly calls for a narrative response. To the extent not objectionable, please see DEF-00001 to DEF-00028 and DEF-00148 produced in connection with Municipal Defendants' Pre-Discovery Disclosures.

**INTERROGATORY NO. 23:** If Defendant contends that the officers/deputies acted according to the established policies and customs of Hernando Police Department at the time of Plaintiff's injuries, identify the policy and custom and state with particularity all facts supporting the contention.

**RESPONSE TO INTERROGATORY NO. 23:**  The City objects to this Interrogatory on the grounds that it misunderstands the law and seeks irrelevant information that is not proportional to the needs of the case.  To the extent not objectionable, please see DEF-00001 to DEF-00028 and DEF-00148 and DEF-00102 to DEF-00133 produced in connection with Municipal Defendants' Pre-Discovery Disclosures.

DATED:  February 15, 2021.

Respectfully submitted,

PHELPS DUNBAR LLP

BY:   */s/ Mallory K. Bland*
G. Todd Butler, MB #102907
Mallory K. Bland, MB #105665
4270 I-55 North
Jackson, Mississippi 39211-6391
Post Office Box 16114
Jackson, Mississippi 39236-6114
Telephone: 601-352-2300
Telecopier: 601-360-9777
Email: todd.butler@phelps.com
Email: mallory.bland@phelps.com

## CERTIFICATE OF SERVICE

I certify that, on February 15, 2021, I electronically mailed the above and foregoing *OBJECTIONS AND RESPONSES TO PLAINTIFF GEORGE WELCH'S FIRST SET OF INTERROGATORIES* to the following counsel of record:

> John Keith Perry, Jr., Esquire
> Garret T. Estes, Esquire
> PERRY GRIFFIN, P.C.
> 5699 Getwell Road, Bldg. G, Suite 5
> Southaven, Mississippi 38672
> Telephone: (662) 536-6868
> JKP@PerryGriffin.com
> GE@PerryGriffin.com

*/s/ Mallory K. Bland*_____
MALLORY BLAND

## **VERIFICATION**

STATE OF MISSISSIPPI

COUNTY OF  Desoto

    I, Scott Worsham, being first duly sworn, on oath, depose and state that I have read the foregoing Reponses and therefore know the contents thereof; that said answers were prepared with the assistance and advice of counsel, upon which I have relied; that the answers set forth herein, subject to inadvertent or undiscovered errors, are based on and therefore necessarily limited by the records and information still in existence, presently recollected and thus far discovered in the course of the preparation of these answers; that consequently, I reserve the right to make any changes in the answers if it appears at any time that omissions or errors have been made therein or that more accurate information is available; and that subject to the limitations set forth herein, the said answers are true to the best of my knowledge, information, and belief.

By: _____

Scott Worsham
Chief of Police, Hernando Police Department

    SWORN TO AND SUBSCRIBED before me on this the 12 day of February, 2021 to certify which witness my hand and seal of office.

_____
NOTARY PUBLIC

My Commission Expires:

February 24, 2023

STATE OF MISSISSIPPI
NOTARY PUBLIC
ID # 98327
CASSAUNDRA E. PERRY
Commission Expires
Feb. 24, 2023
DESOTO COUNTY

PD.31113858.1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

GEORGE WELCH                                                                    PLAINTIFF

VS.                                              CIVIL ACTION NO. 3:20-cv-00122-NBB-JMV

CITY OF HERNANDO, MISSISSIPPI, ET AL.                                          DEFENDANTS

DEFENDANT CITY OF HERNANDO, MISSISSIPPI'S
OBJECTIONS AND RESPONSES TO PLAINTIFF GEORGE WELCH'S
<u>FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS</u>

The City of Hernando, Mississippi ("the City" or "Defendant") objects and responds to Plaintiff's First Set of Request for Production of Documents, as follows. These responses reflect the City's best understanding of the facts to date, in light of reasonable inquiries that have been made. Discovery is ongoing and the City reserves the right to supplement or amend its responses as necessary.

<u>RESPONSES TO REQUESTS FOR PRODUCTION</u>

**<u>REQUEST FOR PRODUCTION NO. 1:</u>** Produce all documents relating to the incident that occurred on December 23, 2018, involving the Plaintiff and Defendants' officers/deputies, agents, and employees, including, but not limited to: witness statements, photographs, detention logs, audio and video recordings, Officer(s) BodyCam footage and/or of the Defendant Officers, charging instruments, officer(s) statements, narratives, affidavits and reports, e-mails, internal notes, discipline reports, and supervisor notes.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 1:</u>** The City objects to this Request on the grounds that it is overly broad and vague. To the extent not objectionable, please see DEF-00001 to DEF-00028 and DEF-00148 produced in connection with Municipal Defendants' Pre-Discovery Disclosures.

PD.30374195.1

1

**REQUEST FOR PRODUCTION NO. 2:** Produce all documents relating to the call to dispatch and arrest that occurred on December 23, 2018, including, but not limited to: witness statements, photographs, detention logs, audio and video recordings, transcriptions, charging instruments, deputy statements, narratives, affidavits and reports, e-mails, internal notes, discipline reports, and supervisor notes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:** The City objects to this Request on the grounds that it is overly broad, vague, and duplicative of Request No. 1. To the extent not objectionable, please see the Response to Request No. 1.

**REQUEST FOR PRODUCTION NO. 3:** Produce all documents that demonstrate each officer is entitled to qualified immunity from liability.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:** The City objects to this Request as it is directed at the wrong party and on the grounds that it calls for a legal conclusion.

**REQUEST FOR PRODUCTION NO. 4:** Produce all documents relating to the employment of each Defendant Officer employed by the Hernando Police Department for the five (5) years preceding this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:** The City objects to this Request on the grounds that it is overly broad, unduly burdensome, and vague.

**REQUEST FOR PRODUCTION NO. 5:** Produce all documents showing the policies, customs and procedures for internal affairs when investigating complaints and situations involving officers/deputies, agents, and employees of the Hernando Police Department accused of excessive force, and abuse of authority.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:** The City objects to this Request to the extent it seeks irrelevant information not proportional to the needs of the case, is overly broad, and seeks confidential information under the Mississippi Public Records Act. *See*

PD.30374195.1

2

Op. No. 2010-00381, 2010 WL 4105478 (M.S. A.G. 2010). To the extent not objectionable, please see DEF-00154 to DEF-00159 produced herewith.

**REQUEST FOR PRODUCTION NO. 6:** Produce a copy of any related policies, protocol, and procedures when investigating an officer after an on-the-job complaint and civilian complaint, for monitoring and tracking said complaints, training requirements after a complaint, officer(s) hearing protocol and procedures, and officer(s) discipline requirements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:** The City objects to this Request on the grounds that it is overly broad, to the extent it seeks irrelevant information not proportional to the needs of the case, and it seeks confidential information under the Mississippi Public Records Act. *See* Op. No. 2010-00381, 2010 WL 4105478 (M.S. A.G. 2010). To the extent not objectionable, please see DEF-00149 to DEF-00153 produced herewith.

**REQUEST FOR PRODUCTION NO. 7:** Produce all documents showing all civilian, officer, and supervisory complaints made against Defendant Officers while employed at Hernando Police Department.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:** The City objects to this Request on the grounds that it is overly broad in scope and time, unduly burdensome, and to the extent it seeks irrelevant not proportional to the needs of the case. To the extent not objectionable, there have been no written complaints of excessive force against any of the Defendant officers filed according to the complaint procedures detailed at DEF-00149 to DEF-00153.

**REQUEST FOR PRODUCTION NO. 8:** Produce all documents showing previous complaints and lawsuits filed against the Defendant Officers, agents, and employees of Hernando Police Department that claimed abuse of authority, excessive force, and failure to provide medical care within the five (5) years preceding the events giving rise to this lawsuit.

PD.30374195.1

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**  The City objects to this Request on the grounds that it is overly broad, unduly burdensome, and vague, seeks irrelevant information not proportional to the needs of the case, and calls for information that is equally accessible to Plaintiff through the public domain.  *See, e.g., Miller v. Pancucci*, 141 F.R.D. 292 (C.D. Cal. 1992) (holding that interrogatories about prior complaints against defendant were irrelevant and not discoverable).  To the extent not objectionable, see *Smith v. Davenport*, No. 3:16-cv-00085-GHD-DAS, filed in the United States District Court for the Southern District of Mississippi on May 9, 2016.

**REQUEST FOR PRODUCTION NO. 9:**  Produce all documents relating to all disciplinary actions taken against the Defendant Officers. Please include: log for notice of hearings, all information used when considering final determination, notice of charges, notices of final disposition, final dispositions, and follow-up procedures during their employment at Hernando Police Department.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**  The City objects to this Request on the grounds that it is overly broad in scope and time, unduly burdensome, vague, and it seeks irrelevant information not proportional to the needs of the case.  *See, e.g., Miller v. Pancucci*, 141 F.R.D. 292 (C.D. Cal. 1992) (holding that interrogatories about prior complaints against defendant were irrelevant and not discoverable).  To the extent not objectionable, please see the response to Request for Production No. 7.

**REQUEST FOR PRODUCTION NO. 11:**[1]  Produce all documents relating to the mandatory training programs and classes Hernando Police Department required before its officers are authorized to make arrests.

---

[1] Plaintiff's Requests for Production of Documents propounded to the City skipped Request for Production No. 10.
PD.30374195.1

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:** Training for law enforcement officers is governed by Miss. Code § 45-6-11.

**REQUEST FOR PRODUCTION NO. 12:** Produce all the overseeing agency's annual reports, including but not limited to the annual reports that relate to Hernando Police Department's traffic citations, arrests, and criminal charges within five (5) years of the incident giving rise to this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:** The City objects to this Request on the grounds it is overly broad, unduly burdensome, and vague, constitutes an impermissible fishing expedition, and seeks irrelevant information not proportional to the needs of the case. *See, e.g., Miller v. Pancucci*, 141 F.R.D. 292 (C.D. Cal. 1992) (holding that interrogatories about prior complaints against defendant were irrelevant and not discoverable).

**REQUEST FOR PRODUCTION NO. 13:** Produce all documents that identify the formal policymaking procedures for the Hernando Police Department.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:** Formal policy is made in accordance with state law. *See* Miss. Code § 21-19-15(1).

**REQUEST FOR PRODUCTION NO. 14:** Produce documents illustrating the organizational structure/hierarchical rank at the Hernando Police Department, from patrolmen to the Chief of Police.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:** The City objects to this Request as overly broad and to the extent it seeks irrelevant information not proportional to the needs of the case. To the extent not objectionable, please see DEF-00160 to DEF-00161 produced herewith.

**REQUEST FOR PRODUCTION NO. 15:** Produce any and all manuals, handbooks, practice guides, established department procedure manuals, deputy corrections manual, operation

PD.30374195.1

5

and order guides and/or manuals that sets forth the standards, values, procedures, protocols, policies, and expectation of the Hernando Police Department for all officers, agents, and employees, including, but not limited to, Hernando Police Department's Policy and Procedural Manual.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:** The City objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, seeks confidential information, and seeks irrelevant information not proportional to the needs of the case. To the extent not objectionable, see DEF-00102 to DEF-00133 produced in connection with Municipal Defendants' Pre-Discovery Disclosures and DEF-00149 to DEF-00166 produced herewith.

**REQUEST FOR PRODUCTION NO. 16:** Produce Defendant Officers' arrests and ticket logs within five (5) years of the incident giving rise to this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:** The City objects to this Request on the grounds it is overly broad, unduly burdensome, vague, constitutes an impermissible fishing expedition, and seeks irrelevant information not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 17:** Produce all sign off sheets for training attended, scores from all promotional and mandatory test taken, curriculum standards for all tests, and continuing education done and performed by Defendant Officers within their employment tenure with Hernando Police Department and any other agency within five (5) years of the date of this incident giving rise to this lawsuit.

**RESPONSE TO REQUEST FOR PROUDCTION NO. 17:** The City objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, and seeks irrelevant information not proportional to the needs of the case. To the extent not objectionable, please see

DEF-00084 to DEF-00101 produced in connection with Municipal Defendants' Pre-Discovery Disclosures as well as DEF-00167 to DEF-00404 produced herewith.

    **REQUEST FOR PRODUCTION NO. 18:** Produce any and all documents pertaining any medical training and/or medical certification the Defendant Officers had obtained at the time of December 23, 2018 incident.

    **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:** The City objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, and seeks irrelevant information not proportional to the needs of the case as no failure to provide medical care claim has been raised.

    **REQUEST FOR PRODUCTION NO. 19:** Please produce all records regarding any and all criminal charges brought against the Plaintiff resulting from the December 23, 2018, 2019 incident and/or arrest.

    **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:** The City objects to this Request on the grounds that it is vague and seeks information equally available to the Plaintiff. To the extent not objectionable, please see the Response to Request No. 1.

    **REQUEST FOR PRODUCTION NO. 20:** Please produce the complete file of any investigation of the incident that occurred on December 23, 2018 which is the subject of this suit. This request includes documents that refer or relate to any discipline imposed against any involved Officer.

    **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:** The City objects to this Request on the grounds that it is overbroad and to the extent it seeks information protected by the attorney client privilege or work product doctrine. To the extent not objectionable, please see the Response to Resistance form, produced as DEF-00026 to DEF-00028 in connection with Municipal Defendants' Pre-Discovery Disclosures.

PD.30374195.1

DATED:  February 15, 2021.

Respectfully submitted,

PHELPS DUNBAR LLP


BY:    /s/ Mallory K. Bland
          G. Todd Butler, MB #102907
          Mallory K. Bland, MB #105665
          4270 I-55 North
          Jackson, Mississippi 39211-6391
          Post Office Box 16114
          Jackson, Mississippi 39236-6114
          Telephone: 601-352-2300
          Telecopier: 601-360-9777
          Email:  todd.butler@phelps.com
          Email: mallory.bland@phelps.com

## CERTIFICATE OF SERVICE

I certify that, on February 15, 2021, I electronically mailed the above and foregoing *OBJECTIONS AND RESPONSES TO PLAINTIFF GEORGE WELCH'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS* to the following counsel of record:

> John Keith Perry, Jr., Esquire
> Garret T. Estes, Esquire
> PERRY GRIFFIN, P.C.
> 5699 Getwell Road, Bldg. G, Suite 5
> Southaven, Mississippi 38672
> Telephone: (662) 536-6868
> JKP@PerryGriffin.com
> GE@PerryGriffin.com

/s/ Mallory K. Bland
MALLORY BLAND

PD.30374195.1

9