## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## OXFORD DIVISION

GEORGE WELCH                                                 **PLAINTIFF**

VS.                          **CIVIL ACTION NO. 3:20-cv-00122-NBB-JMV**

CITY OF HERNANDO, MISSISSIPPI, ET AL.          **DEFENDANTS**

### DEFENDANT OFFICER JOSEPH HARRIS'
### OBJECTIONS AND RESPONSES TO PLAINTIFF GEORGE WELCH'S
### FIRST SET OF INTERROGATORIES

Officer Joseph Harris ("Officer Harris" or "Defendant") objects and responds to Plaintiff's

First Set of Requests for Interrogatories, as follows. These responses reflect Officer Harris' best

understanding of the facts to date, in light of reasonable inquiries that have been made. Officer

Harris reserves the right to supplement or amend his responses as necessary.

### RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:** Please state your full name (including any aliases), badge

or identification number, rank, title, present height, present weight, address, date of birth, all

education, and employment position(s) for the past five (5) years.

**RESPONSE TO INTERROGATORY NO. 1:** Defendant objects to this Interrogatory

on grounds that it is overly broad, it impermissibly encompasses multiple sub-parts as forbidden

by the Federal Rules of Civil Procedure and Local Rules, seeks irrelevant information not

proportional to the needs of the case, and seeks information protected under the Mississippi

Public Records Act. *See* Miss. Code § 25-61-12(1). To the extent not objectionable, Joseph

Richard Harris, patrolman, 6'1", 160 lbs., ██████████.

**INTERROGATORY NO. 2:** Please list the identity (i.e. full legal name, including any

aliases) and location (telephone number and address) of persons having knowledge of any

discoverable matter; or, (ii) who may be called as a witness at trial and provide a summary of

1

EXHIBIT "B"

his/her expected testimony. Please include in your response all first responders to the scene of the incident in question, including but not limited to medical responders.

**RESPONSE TO INTERROGATORY NO. 2:** Defendant objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, premature, and it impermissibly encompasses multiple sub-parts as forbidden by the Federal Rules of Civil Procedure and Local Rules. To the extent not objectionable, as to part (i), please see those individuals identified in Municipal Defendants' Pre-Discovery Disclosures, Plaintiff's Pre-Discovery Disclosures, and any individual identified in any parties' discovery responses. As to part (ii), Defendant has not yet determined what witnesses he may call if this case proceeds to trial. When, and if, that decision needs to be made, Defendant will comply with the requirements of the governing pre-trial order and/or the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 3:** If any person identified as having discoverable knowledge has taken/given any oral or written statements concerning the incident in question, identify the person from/to whom it was taken/given, when it was taken/given, and the custodian of each such statements.

**RESPONSE TO INTERROGATORY NO. 3:** Defendant objects to this Interrogatory as overly broad and vague in its use of the phrase "incident in question," and to the extent it seeks information protected by the attorney-client privilege or work-product doctrine. To the extent not objectionable, please see the police reports produced in connection with Municipal Defendants' Pre-Discovery Disclosures. Also, certain witnesses testified at the trial of this matter both before the Municipal Court and the County Court.

**INTERROGATORY NO. 4:** Identify each expert who has been retained or specially employed by you in anticipation of litigation and/or who may give testimony at trial and state the substance of the facts known or opinions held by said expert.

**RESPONSE TO INTERROGATORY NO. 4:** Defendant objects to this Interrogatory on the grounds that it is premature and unduly burdensome. To the extent not objectionable, at this time, Defendant has not consulted any experts and has not yet determined what expert witnesses it may call, if any, if this case proceeds to trial. Defendant will disclose information regarding any potential expert witnesses consistent with the Federal Rules of Civil Procedure and/or Pretrial Order of the Court.

**INTERROGATORY NO. 5:** Describe in specific detail the events leading up to and following incident by Hernando Police Department. Your response should include, but not limited to:

A.  All officers who participated and were present at the time of the subject incident on December 23, 2018; and

B.  Defendant Officers or agents of Hernando Police Department specific response, and which officer(s) responded.

**RESPONSE TO INTERROGATORY NO. 5:** Defendant objects to this Interrogatory on the grounds that it is vague in its use of the phrases "events leading up to and following incident" and "subject incident", overly broad, unduly burdensome, and impermissibly calls for a narrative response. To the extent not objectionable, please see DEF-00001 to DEF-00028 and DEF-00148 produced in connection with Municipal Defendants' Pre-Discovery Disclosures.

**INTERROGATORY NO. 6:** In your own words, please explain in full details of what transpired during the December 23, 2018 incident which gives rise to this matter.

**RESPONSE TO INTERROGATORY NO. 6:** Defendant objects to this Interrogatory on the grounds that it impermissibly calls for a narrative response, is duplicative, vague, and overly broad. To the extent not objectionable, please see the police reports produced in

connection with Municipal Defendants' Pre-Discovery Disclosures as DEF-00001 to DEF-00028 and DEF-00148.

**INTERROGATORY NO. 7:** Were there any charges filed against the Plaintiff resulting from the incident that occurred on December 23, 2018? If so, what were the charges, the court date, and the disposition of those charges.

**RESPONSE TO INTERROGATORY NO. 7:** Defendant objects to this Interrogatory as unduly burdensome in that it requests information within the Plaintiff's knowledge or equally available to the Plaintiff. To the extent not objectionable, Plaintiff was charged with resisting arrest, disorderly conduct/disobeying a police officer, and obstructing traffic. In the Hernando Municipal Court, Plaintiff was found guilty of resisting arrest and obstructing traffic. Plaintiff appealed to the County Court of DeSoto County. After a de novo trial, Plaintiff was found not guilty of both charges.

**INTERROGATORY NO. 8:** Identify the individual or individuals whose responsibility it was to educate, train and inform you and other law enforcement officers as to the duties and obligations of officers related to probable cause to making an unlawful arrest and the constitutionality of issues of unlawful arrest.

**RESPONSE TO INTERROGATORY NO. 8:** Defendant objects to this Interrogatory on the grounds that it is vague, ambiguous, to the extent it can be construed as calling for a legal conclusion, and to the extent it seeks irrelevant information not proportional to the needs of the case. To the extent not objectionable, please see the training certificate produced as DEF-00084 in connection with Municipal Defendants' Pre-Discovery Disclosures and those produced herewith as DEF-167 to DEF-224. Under *O'Neal v. City of San Antonio*, 344 F. App'x 885, 888 (5th Cir. 2009), this defeats a failure to train claim. *Id.* ("[I]f the training of police officers meets state standards, there can be no cause of action for a failure to train[.]").

**INTERROGATORY NO. 9:** Identify and describe whether or not you placed Plaintiff in custody, the duration that Plaintiff remained in custody, all physical contact or force used by the officers of Hernando Police Department during the incident that gives rise to this matter.

**RESPONSE TO INTERROGATORY NO. 9:** Defendant objects to this Interrogatory to the extent it is vague in the use of the phrase "incident that gives rise to this matter," it impermissibly calls for a narrative response, and it impermissibly encompasses multiple sub-parts as forbidden by the Federal Rules of Civil Procedure and Local Rules. To the extent not objectionable, please see DEF-00001 to DEF-00028 and DEF-00148 produced in connection with Municipal Defendants' Pre-Discovery Disclosures.

**INTERROGATORY NO. 10:** Identify and describe in specific detail the reason(s)/circumstance(s) for deploying your taser and striking Plaintiff.

**RESPONSE TO INTERROGATORY NO. 10:** Defendant objects to this Interrogatory on the grounds that it impermissibly calls for a narrative response, mischaracterizes facts, and is unduly burdensome. To the extent not objectionable, please see the incident narrative and response to resistance report produced in connection with Municipal Defendants' Pre-Discovery Disclosures as DEF-00023 to DEF-00024 and DEF-00026 to DEF-00028.

**INTERROGATORY NO. 11:** Have you ever been investigated and/or disciplined by Hernando Police Department, internal affairs, or any other agency while you were a sergeant, officer, deputy, or employee? If you have been, please state the date you were disciplined, the reason you were disciplined, the discipline you received, and subsequent training directly related to the actions that required disciplinary action.

**RESPONSE TO INTERROGATORY NO. 11:** Defendant objects to this Interrogatory on the grounds that it is overly broad, it constitutes an impermissible fishing expedition, and to the extent it seeks irrelevant information not proportional to the needs of the case. *See, e.g.,*

*Miller v. Pancucci*, 141 F.R.D. 292 (C.D. Cal. 1992) (holding that interrogatories about prior complaints against defendant were irrelevant and not discoverable). To the extent not objectionable, Defendant has not been investigated or disciplined by Hernando Police Department for excessive force.

**INTERROGATORY NO. 12:** Identify and describe the internal administrative procedures for addressing complaints and correcting instances of abuse of authority, excessive force, or failure to provide medical care by officers of Hernando Police Department. Respond as follows:

    a.      State whether the procedures include investigation of complaints and disciplinary consequences.

    b.      Identify each person responsible for overseeing or initiating the procedures.

    c.      Identify each person responsible for the ultimate decision on the complaint.

**RESPONSE TO INTERROGATORY NO. 12:** Defendant objects to this Interrogatory on the grounds that it is overly broad, vague, it impermissibly encompasses multiple sub-parts as forbidden by the Federal Rules of Civil Procedure and Local Rules, and to the extent it seeks irrelevant information not proportional to the needs of the case as there is no allegation of failure to provide medical care. To the extent not objectionable, please see DEF-00149 to DEF-00159 produced herewith.

**INTERROGATORY NO. 13:** Please describe in detail each and every conversation, meeting, correspondence, or writing, that you have had with any Internal Affairs office, their agents, employees, other defendants, or any agency investigating the incident described in the complaint.

**RESPONSE TO INTERROGATORY NO. 13:** Defendant objects to this Interrogatory on the grounds that it is vague, unduly burdensome, calls for an impermissible narrative response,

and to the extent it calls for information protected by attorney-client privilege or the work-product doctrine. To the extent not objectionable, none.

**INTERROGATORY NO. 14:** Please describe all education and training you have received on how to interact and engage with citizens. Your response should identify the date of the training and instructor.

**RESPONSE TO INTERROGATORY NO. 14:** Defendant objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, and to the extent it seeks irrelevant information not proportional to the needs of the case. To the extent not objectionable, please see the training certificates produced in connection with Municipal Defendants Pre-Discovery Disclosures and those produced herewith.

**INTERROGATORY NO. 15:** Have you ever been arrested for or convicted of a crime? If you have been convicted of a crime please describe in detail the arrest and/or conviction including the date, the factual background, the court in which the charge(s) was/were brought, cause number, prosecutor, and the end result of the arrest/conviction.

**RESPONSE TO INTERROGATORY NO. 15:** Defendant objects to this Request on the grounds that it is overly broad in scope and time and to the extent it seeks irrelevant information that is not proportional to the needs of the case. To the extent not objectionable, Defendant has never been arrested or convicted of any felonies, and has not been arrested or convicted of any misdemeanors in the last 10 years.

**INTERROGATORY NO. 16:** Please identify according to policy and procedure, the reason and probable cause for tasing Plaintiff George Welch. Please state the factual basis in specific detail.

**RESPONSE TO INTERROGATORY NO. 16:** Defendant objects to this Interrogatory on the grounds that it is unduly burdensome, impermissibly calls for a narrative response, and to

the extent it seeks irrelevant information not proportional to the needs of the case. To the extent not objectionable, please see DEF-00001 to DEF-00028 and DEF-00148 produced in connection with Municipal Defendants' Pre-Discovery Disclosures.

**INTERROGATORY NO. 17:** If you are no longer employed with the Hernando Police Department, please detail the circumstances of your departure including:

    a)      Date of departure; and

    b)      Reasoning for departure.

**RESPONSE TO INTERROGATORY NO. 17:** Defendant objects to this Interrogatory on the grounds that it impermissibly calls for a narrative response and seeks post-incident information that is irrelevant and not proportional to the needs of the case. To the extent not objectionable, Defendant resigned from the Hernando Police Department on July 6, 2020. Defendant's resignation was in no way related to this case or the incident that is the subject of this case.

**INTERROGATORY NO. 18:** If you are no longer employed with the Hernando Police Department, please advise who you are currently employed by, date of hire, and position.

**RESPONSE TO INTERROGATORY NO. 18:** Defendant objects to the Interrogatory on the grounds that it is overly broad, and seeks post-incident information that is irrelevant and not proportional to the needs of the case. To the extent not objectionable, see the response to Interrogatory No. 17.

DATED: February 15, 2021.

Respectfully submitted,

PHELPS DUNBAR LLP

BY:   _/s/ Mallory K. Bland_
        G. Todd Butler, MB #102907
        Mallory K. Bland, MB #105665
        4270 I-55 North
        Jackson, Mississippi 39211-6391
        Post Office Box 16114
        Jackson, Mississippi 39236-6114
        Telephone: 601-352-2300
        Telecopier: 601-360-9777
        Email: todd.butler@phelps.com
        Email: mallory.bland@phelps.com

## CERTIFICATE OF SERVICE

I certify that, on February 15, 2021, I electronically mailed the above and foregoing *OBJECTIONS AND RESPONSES TO PLAINTIFF GEORGE WELCH'S FIRST SET OF INTERROGATORIES* to the following counsel of record:

> John Keith Perry, Jr., Esquire
> Garret T. Estes, Esquire
> PERRY GRIFFIN, P.C.
> 5699 Getwell Road, Bldg. G, Suite 5
> Southaven, Mississippi 38672
> Telephone: (662) 536-6868
> JKP@PerryGriffin.com
> GE@PerryGriffin.com

> */s/ Mallory K. Bland*
> MALLORY BLAND

## <u>VERIFICATION</u>

STATE OF MISSISSIPPI

COUNTY OF ___Desoto___

     I, Joseph Harris, being first duly sworn, on oath, depose and state that I have read the foregoing Reponses and therefore know the contents thereof; that said answers were prepared with the assistance and advice of counsel, upon which I have relied; that the answers set forth herein, subject to inadvertent or undiscovered errors, are based on and therefore necessarily limited by the records and information still in existence, presently recollected and thus far discovered in the course of the preparation of these answers; that consequently, I reserve the right to make any changes in the answers if it appears at any time that omissions or errors have been made therein or that more accurate information is available; and that subject to the limitations set forth herein, the said answers are true to the best of my knowledge, information, and belief.

                          By: _____
                                Joseph Harris

     SWORN TO AND SUBSCRIBED before me on this the _11_ day of February, 2021 to certify which witness my hand and seal of office.

_____
NOTARY PUBLIC

My Commission Expires:

___Feb 24, 2023___

STATE OF MISSISSIPPI
NOTARY PUBLIC
ID # 98327
CASSAUNDRA E. PERRY
Commission Expires
Feb. 24, 2023
DESOTO COUNTY

PD.31113612.1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

GEORGE WELCH                                                    PLAINTIFF

VS.                                    CIVIL ACTION NO. 3:20-cv-00122-NBB-JMV

CITY OF HERNANDO, MISSISSIPPI, ET AL.                          DEFENDANTS

DEFENDANT OFFICER JOSEPH HARRIS'
OBJECTIONS AND RESPONSES TO PLAINTIFF GEORGE WELCH'S
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Officer Joseph Harris ("Officer Harris" of "Defendant") objects and responds to Plaintiff's

First Set of Request for Production of Documents, as follows. These responses reflect Officer

Harris' best understanding of the facts to date, in light of reasonable inquiries that have been

made. Discovery is ongoing and Officer Lewis reserves the right to supplement or amend his

responses as necessary.

RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** Produce all documents relating to the incident

that occurred on December 23, 2018, involving the Plaintiff and Defendant, including, but not

limited to: witness statements, photographs, sheriff's activity logs, audio and video recordings,

Officer BodyCam footage and/or of the Defendant Officer, charging instruments, Officer

statements, narratives, affidavits and reports, e-mails, internal notes, discipline reports, and

supervisor notes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:** Defendant objects to this

Request on the grounds that it is overly broad, unduly burdensome, vague, and seeks irrelevant

information not proportional to the needs of the case. To the extent not objectionable, please see

DEF-00001 to DEF-00028 and DEF-00148 produced in connection with Municipal Defendants'
Pre-Discovery Disclosures.

**REQUEST FOR PRODUCTION NO. 2:** Produce all documents relating to the subject
incident that occurred on December 23, 2018, including, but not limited to: witness statements,
photographs, officer's activity logs, audio and video recordings, transcriptions, charging
instruments, Officer statements, narratives, affidavits and reports, e-mails, internal notes,
discipline reports, and supervisor notes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:** Defendant objects to this
Request on the grounds it is overly broad, unduly burdensome, vague, duplicative of Request No.
1, and seeks irrelevant information not proportional to the needs of the case. To the extent not
objectionable, please see response to Request No. 1.

**REQUEST FOR PRODUCTION NO. 3:** Produce all documents that demonstrate you
are entitled to qualified immunity from liability.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:** Defendant objects to the
Request as it calls for a legal conclusion, is unduly burdensome, and not proportional to the needs
of the case.

**REQUEST FOR PRODUCTION NO. 4:** Produce all documents showing the policies,
customs and procedures for internal affairs when investigating complaints and situations
involving officers, agents, and employees of the Hernando Police Department accused of
excessive force, and abuse of authority.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:** Defendant objects to this
Request as overly broad, unduly burdensome, vague, and as seeking irrelevant information not
proportional to the needs of the case. To the extent not objectionable, please see DEF-00154 to
DEF-00159 produced herewith.

2

**REQUEST FOR PRODUCTION NO. 5:** Produce a copy of any related policies, protocol, and procedures when investigating an officer after an on-the-job complaint and civilian complaint, for monitoring and tracking said complaints, training requirements after a complaint, officer's hearing protocol and procedures, and officer's discipline requirements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:** Defendant objects to this Request as overly broad, unduly burdensome, vague, and as seeking irrelevant information not proportional to the needs of the case. To the extent not objectionable, please see DEF-00149 to DEF-00153 produced herewith.

**REQUEST FOR PRODUCTION NO. 6:** Produce all documents showing all civilian, officer, and supervisor complaints made against you while:

1) employed at Hernando Police Department; and

2) before employed at Hernando Police Department.

**RESPONSE TO REQUEST NO. 6:** Defendant objects to this Request as overly broad in scope and time, unduly burdensome, vague, and to the extent it seeks irrelevant information not proportional to the needs of the case. *See, e.g., Miller v. Pancucci*, 141 F.R.D. 292 (C.D. Cal. 1992) (holding that interrogatories about prior complaints against defendant were irrelevant and not discoverable). To the extent not objectionable, Defendant has not had any written complaints of excessive force filed pursuant to the complaint procedure at DEF-0049 to DEF-00153 while employed at Hernando Police Department.

**REQUEST FOR PRODUCTION NO. 7:** Produce all documents showing previous complaints and lawsuits filed against you that claimed abuse of authority, excessive force, and failure to provide medical care within the five (5) years preceding the events giving rise to this lawsuit.

3

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:** Defendant objects to this Request as overly broad, vague, unduly burdensome, and as seeking irrelevant information not proportional to the needs of the case as no failure to provide medical care claim has been raised. *See, e.g., Miller v. Pancucci*, 141 F.R.D. 292 (C.D. Cal. 1992) (holding that interrogatories about prior complaints against defendant were irrelevant and not discoverable). To the extent not objectionable, none.

**REQUEST FOR PRODUCTION NO. 8:** Produce all documents relating to all disciplinary actions taken against you. Please include: log for notice of hearings, all information used when considering final determination, notice of charges, notices of final disposition, final dispositions, and follow-up procedures while they were:

    1)      employed at Hernando Police Department; and

    2)      before employed at Hernando Police Department.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:** Defendant objects to this Request as overly broad in scope and time, unduly burdensome, vague, and to the extent that it seeks irrelevant information not proportional to the needs of the case. *See, e.g., Miller v. Pancucci*, 141 F.R.D. 292 (C.D. Cal. 1992) (holding that interrogatories about prior complaints against defendant were irrelevant and not discoverable). To the extent not objectionable, Defendant has had no disciplinary actions taken against him for any allegations of excessive force while employed with Hernando Police Department.

**REQUEST FOR PRODUCTION NO. 11:**[1] Produce your arrests and ticket logs within five (5) years of the incident giving rise to this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:** Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, and constitutes an

---

[1] Plaintiff's Requests for Production of Documents propounded to Defendant skipped Request Nos. 9 and 10.

impermissible fishing expedition. Defendant further objects to this Request to the extent it seeks irrelevant information not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 12:** Produce all documents relating to the Hernando Police Department's training, policies, protocols, and procedures specifically related to dealing with and policing citizens of different racial and ethnic backgrounds.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:** Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, and as seeking irrelevant information not proportional to the needs of the case. To the extent not objectionable, please see DEF-00162 to DEF-00166 produced herewith.

**REQUEST FOR PRODUCTION NO. 13:** Produce all sign off sheets for training attended, scores from all promotional and mandatory test taken, curriculum standards for all tests, and continuing education done and performed by you within your employment tenure with Hernando Police Department and any other agency within five (5) years of the date of this incident giving rise to this lawsuit.

**RESPONSE TO REQUEST FOR PORDUCTION NO. 13:** Defendant objects to this Request as overly broad, unduly burdensome, vague, and to the extent it seeks irrelevant information not proportional to the needs of the case. To the extent not objectionable, please see DEF-00084 produced in connection with Municipal Defendants' Pre-Discovery Disclosures and those produced herewith.

**REQUEST FOR PRODUCTION NO. 14:** Please produce all records regarding any and all criminal charges brought against the Plaintiff resulting from the December 23, 2018 incident and/or arrest.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:** Defendant objects to this Request as vague, overly broad, unduly burdensome, and seeking information equally available to

5

Plaintiff. To the extent not objectionable, please see DEF-00001 to DEF-00083 produced in connection with Municipal Defendants' Pre-Discovery Disclosures. Also see responsive documents produced in connection with Plaintiff's Pre-Discovery Disclosures and discovery responses, the recording of the municipal court proceeding produced by Plaintiff in connection with his responses to Requests for Production, and any records and transcripts from the County Court of DeSoto County, Mississippi.

**REQUEST FOR PRODUCTION NO. 15:** Please produce all employment related documents and records, including but not limited to, your entire personnel file for your employment with Hernando Police Department including records held by human resources, managers and/or supervisors related to your hiring, training, payroll records, counseling, discipline, demotions, promotions, attendance, timecards, vacation and leave requests, and separation from employment, as well as an separate disciplinary files. Records containing personal identifying financial information (i.e. direct deposit and bank accounts, etc.) and medical records need not be produced.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:** Defendant objects to this Request as overly broad, unduly burdensome, vague, seeking irrelevant information not proportional to the needs of the case, and seeking confidential information. To the extent not objectionable, please see DEF-00084 produced in connection with Municipal Defendants' Pre-Discovery Disclosures and DEF-00167 to DEF-00224 produced herewith.

DATED: February 15, 2020.

Respectfully submitted,

PHELPS DUNBAR LLP


BY:    /s/ Mallory K. Bland
        G. Todd Butler, MB #102907
        Mallory K. Bland, MB #105665
        4270 I-55 North
        Jackson, Mississippi 39211-6391
        Post Office Box 16114
        Jackson, Mississippi 39236-6114
        Telephone: 601-352-2300
        Telecopier: 601-360-9777
        Email:  todd.butler@phelps.com
        Email: mallory.bland@phelps.com

7

## CERTIFICATE OF SERVICE

I certify that, on February 15, 2021, I electronically mailed the above and foregoing *OBJECTIONS AND RESPONSES TO PLAINTIFF GEORGE WELCH'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS* to the following counsel of record:

> John Keith Perry, Jr., Esquire
> Garret T. Estes, Esquire
> PERRY GRIFFIN, P.C.
> 5699 Getwell Road, Bldg. G, Suite 5
> Southaven, Mississippi 38672
> Telephone: (662) 536-6868
> JKP@PerryGriffin.com
> GE@PerryGriffin.com

> */s/ Mallory K. Bland*_____
> MALLORY BLAND