

**ATTORNEYS**

JOHN KEITH PERRY, JR.*
JKP@PerryGriffin.com

RAVONDA L. GRIFFIN*
RG@PerryGriffin.com

JUAN T. WILLIAMS*+
JW@PerryGriffin.com

JALEESA R. SEALS
JS@PerryGriffin.com

GARRET T. ESTES
GE@PerryGriffin.com

5699 GETWELL RD., BLDG. G5
SOUTHAVEN, MISSISSIPPI 38672
OFFICE (662) 536-6868
FAX (662) 536-6869

**PARALEGALS/LEGAL ASSISTANTS**

MARLON HOUSTON
MHouston@PerryGriffin.com

LINDSAY LANNOM
LLannom@PerryGriffin.com

KUTURAH JACKSON
KJackson@PerryGriffin.com

LAQUAISHA GROSS
Law@PerryGriffin.com

*ALSO LICENSED IN TENNESSEE
+ALSO LICENSED IN ARKANSAS

February 23, 2021

**Via E-mail:**

Mallory K. Bland
Todd Butler
4270 I-55 North
Jackson, MS 39211

      Re:    *Welch v. City of Hernando, et al.*

Dear Mallory:

I hope this letter finds you all well. We are in receipt of the Defendants' responses to our discovery and have reviewed those responses. We found several of the responses to be insufficient. Specifically, but not limited to, our office requested from the Defendants:
- All documents relating to the employment of each Defendant Officer employed by the Hernando Police Department for the five (5) years preceding this lawsuit.
- All documents showing all civilian, officer, and supervisory complaints made against Defendant Officers while employed at Hernando Police Department.
- All documents showing previous complaints and lawsuits filed against the Defendant Officers, agents, and employees of Hernando Police Department that claimed abuse of authority, excessive force, and failed to provide medical care within the five (5) years preceding the events giving rise to this lawsuit.
- All documents relating to all disciplinary actions taken against the Defendant Officers.
- Defendant Officers' arrests and ticket logs within five (5) years of the incident giving rise to this lawsuit.
- All employment related documents and records, including but not limited to, your entire personnel file for your employment with Hernando Police Department including records held by human resources, managers and/or supervisors related to your hiring, training, payroll records, counseling, discipline, demotions, promotions, attendance, timecards, vacation and leave requests, and separation from employment, as well as any separate

WWW.PERRYGRIFFIN.COM

Exhibit "C"

disciplinary files. Records containing personal identifying financial information (i.e. direct deposit and bank accounts, etc.) and medical records need not be produced.

Furthermore, we asked whether Defendant Officers, in their individual requests, had ever "been investigated and/or disciplined by the Hernando Police Department, internal affairs, or any other agency…" We also asked Defendant Officers, in their individual requests, if he or she had ever been arrested for or convicted of a crime.

In response to these requests, the response contained objections on the grounds of overly broad, unduly burdensome, vague, constitutes impermissible fishing or irrelevant information. In addition to the objections, the response either declined to produce the information requested or produced an evasive answer, such as responding that there were no complaints filed according to the department's procedures or that there were no complaints regarding excessive force, when our requests were not tailored only to complaint regarding excessive force.

According to the rules, any objection must state whether there are materials that are being withheld on the basis of the objection. This is also supported by the case you cite numerous times in the Defendants' responses. At this time, we do not have any statement of what documents Defendants are objecting to produce nor do we believe there is any basis to withhold the information that has been withheld. This and evasive answers to interrogatories such as those describe herein are unacceptable. With that being said, we welcome you to supplement the Defendants' responses to our interrogatories to avoid evasive answers. Furthermore, please to remit to our office all of the requested documents, specifically, but not limited to, the requested documents described herein. Please provide the requested documents to our office by the close of business Thursday, February 25, 2021, as well as an itemized statement of what is not being produced, to avoid a motion to compel the responses being filed. If we do not have the requests or if we have not heard from you by the close of business Thursday, February 25, 2021, our office will move forward with filing our motion to compel with the Court. If you have any questions or believe that we can resolve this issue prior to Thursday, please do not hesitate to contact me.

Sincerely I remain,

**PERRY GRIFFIN, PC**

Garret T. Estes
Attorney at Law