**Mallory Bland (3334)**

| | |
|---|---|
| From: | Todd Butler (3366) <Todd.Butler@phelps.com> |
| Sent: | Thursday, February 25, 2021 2:04 PM |
| To: | 'Garret T. Estes'; John K. Perry |
| Cc: | Mallory Bland (3334) |
| Subject: | RE: Welch v. City of Hernando, et al |

Garret/John,

We reviewed your deficiency letter, and, as a general matter, we stand behind the objections. Overall, the requests are either unclear as to what information is being requested, are extremely overbroad, and/or are irrelevant to the claims and defenses in this case. For example, the first request noted in your letter requests "all documents related to the employment of each Defendant Officer employed by the Hernando Police Department for the five (5) years preceding this lawsuit." Such request is so overbroad and vague as to what constitutes documents "related to the employment" of each officer. Put simply, it is impossible for us to know what information you are looking for here. (This is especially so given that, in regards to the individual defendants, you requested their personnel files but limited the information sought so as not to include personal financial information and medical records.) On this point, caselaw is clear that requests for "all complaints" against the officers, without limiting the scope and/or time, are too broad. Only complaints of a similar type of conduct alleged in this case, i.e. excessive force and false arrest, are relevant and discoverable. *Reid v. Cumberland Cty.*, 34 F. Supp. 3d 396, 404 (D.N.J. 2013) ("[N]ot all IA files, complaints, or disciplinary reports of the Officer Defendants may be discoverable; rather, the scope of such discovery is determined by comparing allegations contained in Plaintiff's complaint against the nature of the action addressed by the IA files, the cause for any prior complaints against the Officer Defendants, and the cause for the discipline in any disciplinary report."); *Dobson v. Dougherty*, 2018 WL 6321390, *4 (W.D.N.Y. 2018) (limiting discover of prior disciplinary actions and complaints to those involving "conduct of a similar nature to the behavior alleged" in the lawsuit). Also, many of the requests seek information regarding "failure to provide medical care." As we stated in our objections, there has been no failure to provide medical care claim raised in this case, and such information is irrelevant.

Nonetheless, in an effort to avoid a discovery dispute, we are willing to budge on production of some documents. It seems that most of the issues surround prior complaints and/or disciplinary actions taken against the Defendant Officers. We are willing to produce complaints, performance evaluations, and disciplinary records from the time period beginning December 23, 2013 and ending December 23, 2017 (the date of the incident). We believe this is a reasonable time frame to limit the production, as open ended requests for production without limit in temporal scope have long been held to be overbroad. *See Phillips v. City of New York*, 277 F.R.D. 82 (E.D.N.Y. 2011) (holding that complaints and disciplinary actions too remote in time from the incident complaint about were not discoverable); *Dooley v. Recreation and Parks Comm'n for the Parish of East Baton Rouge*, 2009 WL 1939022 (M.D. La. 2009) (holding that discovery must be limited to relevant time period); *see also Chalmers v. Petty*, 136 F.R.D. 399 (M.D.N.C. 1991) (noting that post-incident conduct is admissible only in the "limited context of events relating to the very incident in question); *Walden v. City of Providence*, 2008 WL 191285 (D.R.I. 2008) (finding post-incident evidence and investigations were not relevant to the issues raised in the case); *Patel v. City of Madison, Ala.*, 2017 WL 432465 (N.D. Ala. 2017).

Please let us know if this is an agreeable compromise. Production would be contingent on a mutually agreeable protective order regarding this information.

Let us know if you'd like to discuss further.


**From:** Garret T. Estes <GE@perrygriffin.com>
**Sent:** Wednesday, February 24, 2021 3:19 PM

1

EXHIBIT "D"

**To:** Todd Butler (3366) <Todd.Butler@phelps.com>
**Cc:** John K. Perry <jkp@perrygriffin.com>; Mallory Bland (3334) <Mallory.Bland@phelps.com>
**Subject:** Re: Welch v. City of Hernando, et al

Thanks Todd. I'm sure we can. I look forward to hearing from you.

Best regards,

*Garret Estes*
**Attorney**

5699 Getwell Road, Bldg. G5
Southaven, Mississippi 38672
(o) 662-536-6868
(f) 662-536-6869
(e) GE@PerryGriffin.com
www.PerryGriffin.com


> On Feb 24, 2021, at 3:10 PM, Todd Butler (3366) <Todd.Butler@phelps.com> wrote:
>
> Garret – I think the CMO requires a discovery conference with the court before filing a motion to compel. In any event, let us review and see if we can find some common ground first. Hopefully we can get back with you tomorrow or Friday. Hope all is well. /Todd
>
> **From:** Garret T. Estes <GE@perrygriffin.com>
> **Sent:** Tuesday, February 23, 2021 6:05 PM
> **To:** Mallory Bland (3334) <Mallory.Bland@phelps.com>; Todd Butler (3366) <Todd.Butler@phelps.com>
> **Cc:** John K. Perry <jkp@perrygriffin.com>
> **Subject:** Welch v. City of Hernando, et al
>
> Good evening Mallory and Todd,
>
> I hope this email finds you well. Please find attached our correspondence regarding the responses to our discovery requests. Please do not hesitate to contact me at any time.
>
> Best regards,
>
> *Garret Estes*
> Attorney
>
> <image001.png>
> 5699 Getwell Road, Bldg. G5
> Southaven, Mississippi 38672
> (o) 662-536-6868
> (f) 662-536-6869
> (e) GE@PerryGriffin.com
> www.PerryGriffin.com

**CONFIDENTIALITY NOTICE:** This communication maybe confidential and legally privileged. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this communication is PROHIBITED. If you received this communication in error, please first notify the PERRY GRIFFIN, PC with a reply or by calling (662)536-6868 and then please delete this entire communication. Thank you for your cooperation.

**IRS Circular 230 Disclosure:** To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**WARNING – FRAUDULENT FUNDING INSTRUCTIONS**
Email hacking and fraud are on the rise to fraudulently misdirect funds. Please call our office immediately using independent contact information to verify any funding instructions received. We are not responsible for any wires sent by you to an incorrect bank account.