IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**GEORGE WELCH**                                                                                     **PLAINTIFF**

**VS.**                                  **CIVIL ACTION NO.: 3:20-CV-00122-NBB-JMV**

**THE CITY OF HERNANDO,
MISSISSIPPI, ET AL.**                                                                          **DEFENDANTS**

## ORDER

This matter is before the Court on Plaintiff's motion to compel Defendants' responses to Plaintiff's interrogatories and requests for production of documents [62]. For the reasons discussed at the hearing on this matter and briefly outlined below, the motion, as made, is granted only in limited part; and then, only as more narrowly drawn as described herein.

    **A. Disputed Interrogatories and Request for Production Directed to Defendant Harris.**

**Interrogatory No. 11: Have you ever been investigated and/or disciplined by Hernando Police Department, internal affairs, or any other agency while you were a sergeant, officer, deputy, or employee? If you have been, please state the date you were disciplined, the reason you were disciplined, the discipline you received, and subsequent training directly related to the actions that required disciplinary action.**

*Response to Interrogatory No. 11: Defendant objects to this Interrogatory on the grounds that it is overly broad, it constitutes an impermissible fishing expedition, and to the extent it seeks irrelevant information not proportional to the needs of the case. See, e.g., Miller v. Pancucci, 141 F.R.D. 292 (C.D. Cal. 1992) (holding that interrogatories about prior complaints against defendant were irrelevant and not discoverable). To the extent not objectionable Defendant has not been investigated or disciplined by Hernando Police Department for excessive force.*

The Court finds Interrogatory No. 11 is overly broad as it seeks, in part, information not relevant to the elements of the claims or defenses at issue in this case.

To begin, it is unlimited in time and scope of investigations or discipline inquired about. The instant case against this defendant is for false arrest alleged to occurred without probable cause and/or in retaliation for exercising first amendment rights and for excessive force. The event complained of occurred December 23, 2018, and defendant, according to another of his discovery answers, was no longer employed with the subject police force as of July 6, 2020, when he resigned. Accordingly, the interrogatory should be limited to investigations and/or disciplinary actions involving or related to matters involving allegations or circumstances of arrest without probable cause and/or in retaliation for exercise of constitutional rights and/or excessive force. The period to be covered is 3 years prior to the event complained of until, and including, this defendant's date of resignation.

**Interrogatory No. 15: Have you ever been arrested for or convicted of a crime? If you have been convicted of a crime please describe in detail the arrest and/or conviction including the date, the factual background, the court in which the charge(s) was/were brought, cause number, prosecutor, and the end result of the arrest/conviction.**

*Response to Interrogatory No. 15: Defendant objects to this Request on the grounds that it is overly broad in scope and time and to the extent it seeks irrelevant information that is not proportional to the needs of this case. To the extent not objectionable, Defendant has never been arrested or convicted of any felonies, and has not been arrested or convicted of any misdemeanors in the last 10 years.*

The Court finds this response adequate. The motion to compel a further response is denied.

**Interrogatory No. 17: If you are no longer employed with the Hernando Police Department, please detail the circumstances of your departure including:
a) Date of departure; and b) Reasoning for departure.**

*Response to Interrogatory No. 17: Defendant objects to this Interrogatory on the grounds that it impermissibly calls for a narrative response and seeks post-incident information that is irrelevant and not proportional to the needs of the case. To the extent not objectionable, Defendant resigned from the Hernando Police Department on July 6, 2020. Defendant's resignation was in no way related to this case or the incident that is the subject of this case.*

The Court finds both that the interrogatory is too broadly drawn so as to capture matters not relevant to the issues here and that the answer is too narrowly limited to matters involving this particular case. The Court finds 17(b) should be narrowed as follows: Reasoning for departure (to the extent it involved or was related to allegations or circumstances associated with arrest without probable cause and/ or in retaliation for exercise of constitutional rights and/ or excessive force).

**Interrogatory No. 18: If you are no longer employed with the Hernando Police Department, please advise who you are currently employed by, date of hire, and position.**

*Response to Interrogatory No. 18: Defendant objects to the Interrogatory on the grounds that it is overly broad, and seeks post-incident information that is irrelevant and not proportional to the needs of the case. To the extent not objectionable, see response to Interrogatory No. 17.*

The Court finds this type of general personal information—while normally covered during depositions rather than by written discovery requests—is appropriate to inquire about, for among other potential purposes, jury selection. To this extent the motion is granted.

**Request for Production No. 15: Please produce all employment related documents and records, including but not limited to, your entire personnel file for your employment with Hernando Police Department including records held by human resources, managers and/or supervisors related to your hiring,**

**training, payroll records, counseling, discipline, demotions, promotions, attendance, timecards, vacation and leave requests, and separation from employment, as well as any separate disciplinary files. Records containing personal identifying financial information (i.e., direct deposit and bank accounts, etc.) and medical records need not be produced.**

*Response to Request for Production No. 15: Defendant objects to this Request as overly broad, unduly burdensome, vague, seeking irrelevant information not proportional to the needs of the case, and seeking confidential information. To the extent not objectionable, please see DEF-00084 produced in connection with Municipal Defendants' Pre-Discovery Disclosures and DEF-00167 to DEF-00224 produced herewith.*

The Court finds the request overly broad—as in it seeks information not reasonably construed to be relevant to the issues in this case. It should be narrowed as follows:

> Request for Production No. 15: Please produce all employment related documents and records for your employment with Hernando Police Department, including records held by human resources, managers and/or supervisors as are related to your hiring, training, counseling, discipline, demotions, and separation from employment, as well as any separate disciplinary files concerning the same, *provided* they relate to or concern the subject matter of arrest without probable cause and/or retaliation for exercise of constitutional rights and/or excessive force. Records containing personal identifying financial information (i.e., direct deposit and bank accounts, etc.) and medical records need not be produced. The time period to be covered is 3 years prior to the event complained of until, and including, this defendant's date of resignation.

**B. Disputed Requests for Production Directed to Defendant City of Hernando.**

As for the discovery propounded to Defendant City of Hernando, the Court finds the motion to compel is not well taken, except as it relates to Request for Production No. 9, which, as narrowed below, the Defendant City will be required to answer.

**Request for Production No. 4: Produce all documents relating to the employment of each Defendant Officer employed by the Hernando Police Department for the five (5) years preceding this lawsuit.**

4

*Response to Request for Production No. 4: The City objects to this Request on the grounds that it is overly broad, unduly burdensome, and vague.*

**Request for Production No. 7: Produce all documents showing all civilian, officer, and supervisory complaints made against Defendant Officers while employed at Hernando Police Department.**

*Response to Request for Production No. 7: The City objects to this Request on the grounds that it is overly broad in scope and time, unduly burdensome, and to the extent it seeks irrelevant not proportional to the needs of the case. To the extent not objectionable, there have been no written complaints of excessive force against any of the Defendant officers file according to the complaint procedures detailed at DEF-00149 to DEF-00153.*

**Request for Production No. 8: Produce all documents showing previous complaints and lawsuits filed against the Defendant Officers, agents, and employees of Hernando Police Department that claimed abuse of authority, excessive force, and failure to provide medical care within the five (5) years preceding the events giving rise to this lawsuit.**

*Response to Request for Production No. 8: The City objects to this Request on the grounds that it is overly broad, unduly burdensome, and vague, seeks irrelevant information not proportional to the needs of the case, and calls for information that is equally accessible to Plaintiff through the public domain. See, e.g., Miller v. Pancucci, 141 F.R.D. 292 (C.D. Cal. 1992) (holding that interrogatories about prior complaints against defendant were irrelevant and not discoverable). To the extent not objectionable, see Smith v. Davenport, No. 3:16-cv-00085-GHD-DAS, filed in the United States District Court for the Southern District of Mississippi on May 9, 2016.*

    The Court finds each of the requests above is clearly drawn to likely capture information not relevant to the issues in this case. By way of example only, in Request for Production No. 8, Plaintiff seeks discovery of lack of adequate medical care issues, but no such matters are involved in this case. Further the Court declines to narrow each of the overly broad requests above, while noting Plaintiff may propound additional requests, provided they generally cover information relevant to the issues in this case.

    As for the sole remaining request for production:

5

**Request for Production No. 9: Produce all documents relating to all disciplinary actions taken against the Defendant Officers. Please include: log for notice of hearings, all information used when considering final determination, notice of charges, notices of final disposition, final dispositions, and follow-up procedures during their employment at Hernando Police Department.**

*Response to Request for Production No. 9: The City objects to this Request on the grounds that it is overly broad in scope and time, unduly burdensome, vague, and it seeks irrelevant information not proportional to the needs of the case. See, e.g., Miller v. Pancucci, 141 F.R.D. 292 (C.D. Cal. 1992) (holding that interrogatories about prior complaints against defendant were irrelevant and not discoverable). To the extent not objectionable, please see the response to Request for Production No. 7.*

In the Court's view, this request for production is overly broad as discussed above; however, the Court will require the Defendant City to answer it in narrowed form as follows:

> Produce all documents related to all disciplinary actions taken against the Defendant Officers to the extent it/they involved or was/were related to allegations or circumstances associated with arrest without probable cause and/or in retaliation for exercise of constitutional rights and/ or excessive force and/or failure to intervene. The time period to be covered is 3 years prior to the event complained of in this lawsuit until 2 years following the subject event.

The Court does not find persuasive any argument for fees or expenses as the motion has been granted only in part, and the discovery requested has been narrowed by the Court. Defendants' respective responses are due no later than 14 days from the date of this order.

SO ORDERED this 22nd day of April, 2021.

/s/ Jane M. Virden
U.S. Magistrate Judge