## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## OXFORD DIVISION

GEORGE WELCH                                         **PLAINTIFF**

VS.                         **CIVIL ACTION NO.: 3:20-cv-00122-NBB-JMV**

CITY OF HERNANDO, MISSISSIPPI,
ET AL.                                       **DEFENDANTS**

### PLAINTIFF'S AMENDED RESPONSE TO DEFENDANTS' FIRST SET OF INTERROGATORIES <u>PROPOUNDED TO PLAINTIFF</u>

Plaintiff GEORGE WELCH, by his undersigned counsel, hereby submits, pursuant to Federal Rules of Civil Procedure 26, 33, the following Responses to Defendants' First Set of Requests of Interrogatories.

### <u>PRELIMINARY STATEMENT</u>

1. Plaintiff's investigation and development of all facts and circumstances relating to this action is ongoing. These responses and objections are made without prejudice to, and are not a waiver of, Plaintiffs' rights to rely on other facts or documents at trial.

2. By making the accompanying responses and objections to Defendants' requests for documents and interrogatories, Plaintiff does not waive, and hereby expressly reserves, its right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, Plaintiff makes the responses and objections herein without in any way implying that it considers the requests and interrogatory, and responses to the requests and interrogatories, to be relevant or material to the subject matter of this action.

3. Plaintiff will produce responsive documents only to the extent that such documents are in the possession, custody, or control of Plaintiff, as set forth in the Federal Rules of Civil

EXHIBIT "K"

Procedure. Plaintiff's possession, custody, or control do not include any constructive possession that may be conferred by Plaintiff's right or power to compel the production of documents or information from third parties or to request their production from others.

4. A response to a document request or interrogatory stating that objections and/or indicating that documents will be produced shall not be deemed or construed that there are, in fact, responsive documents, that Plaintiff performed any of the acts described in the document request, interrogatory, or definitions and/or instructions applicable to the document request or interrogatory, or that Plaintiff acquiesces in the characterization of the conduct or activities contained in the document request, interrogatory, or definitions and/or instructions applicable to the document request or interrogatory.

5. Plaintiffs expressly reserve the right to supplement, clarify, revise, or correct any or all the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

6. Plaintiff will make available for inspection at Plaintiff's counsel's office responsive documents. Alternatively, Plaintiff will produce copies of the documents.

7. Publicly available documents including, but not limited to: newspaper clippings, court papers, documents in Defendants' possession, and documents available on the Internet, will not be produced.

## II. GENERAL OBJECTIONS

Each of Plaintiff's responses, in addition to any specifically stated objections, is subject to and incorporates the following General Objections. The assertion of the same, similar, or additional objections, or a partial response to an individual Request does not waive any of Plaintiff's General Objections. Further, Plaintiff does not waive his right to object to the use of

the discovery responses at any time or on any ground in this or any other proceeding. In addition, the following Responses reflect Plaintiff's present knowledge, information and belief and may be subject to change or modification based on Plaintiff's further discovery of facts or circumstances that may come to Plaintiff's knowledge. Plaintiff specifically reserves the right to further supplement, amend or otherwise revise their Responses to these Requests in accordance with Fed. R. Civ. P. 26(e).

1. Plaintiff objects to these Requests to the extent they are overbroad and unduly burdensome and purport to impose burdens or obligations inconsistent with, or more than, those imposed by the Federal Rules of Civil Procedure, the Local Rules of Civil Practice and Procedure of the United States District Court for the Northern District of Mississippi ("Local Rules"), or any other applicable rules and statutes. Plaintiff will respond to each of the Requests in accordance with the requirements of the Federal and Local Rules.

2. Plaintiff objects to these Interrogatories and Requests for Production of Documents to the extent they seek information that is neither relevant to the subject matter of the pending action nor appear reasonably calculated to lead to the discovery of admissible evidence.

3. In response to these Requests, Plaintiff does not concede that any of the responses or information contained herein is relevant or admissible. Plaintiff reserves the right to object, on the grounds of competency, privilege, relevance, materiality, or otherwise, to the use of this information for any purpose, in whole or in part, in this action or in any other action.

4. By responding to these Requests, Plaintiff does not in any way adopt Defendants purported definitions of words and phrases contained in Defendants Requests. Plaintiff objects to those definitions to the extent they are inconsistent with either 1) the definitions set forth by Plaintiff in their answers, or 2) the ordinary and customary

meaning of such words and phrases. Similarly, Plaintiff objects to Defendants' purported definitions to the extent they attempt to impose upon Plaintiff any obligations broader than, or inconsistent with, applicable discovery rules or common law.

5. Plaintiff objects to these Interrogatories and Requests for Production of Documents to the extent they are unreasonably cumulative or duplicative, vague, ambiguous or do not specify the information sought with sufficiency particularity.

6. Plaintiff objects to these Requests to the extent they seek information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege, protection, or immunity. No information subject to such privilege, protection, or immunity will be provided.

7. The inadvertent disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege, protection, or immunity, shall not constitute a waiver by Plaintiffs of such protection.

8. Plaintiff objects to these Requests insofar as they seek discovery of any material that constitutes the mental impressions, conclusions, opinion or legal theories of Plaintiff's counsel.

9. Plaintiff objects to these Requests insofar as they seek discovery of opinions of law which are beyond the scope of permissible discovery.

10. Plaintiff does not hereby admit, adopt or acquiesce in any factual or legal contention, presumption, assertion or characterization contained in these Requests.

## **INTERROGATORIES**

**INTERROGATORY NO. 1:** Please state your full name, nicknames or aliases, current address, telephone number, Social Security number, and date of birth.

**RESPONSE:**

George Welch
██████████████ Byhaila, MS 38611



SSN: XXX-XX-5072
DOB:

**INTERROGATORY NO. 2**: Please identify by name, address, and telephone number each person known to you or your attorneys to have discoverable knowledge that would tend to support or refute any claim, defense, or element of damages in this action. With regard to each person identified, please specifically state any and all knowledge they are believed to have regarding this suit and provide a brief summary of the facts and circumstances of which said person is believed to have knowledge. This interrogatory is continuing in nature.

**Response**:

1. **George Welch**
   Byhalia, MS 38611
   can be contacted through counsel for Plaintiff
   George Welch is the Plaintiff in this matter.

2. **Beverly Harris**
   Clarksdale, MS 38614

   Plaintiff dated Beverly Harris at the time of the incident that is the subject of this action and saw the injuries firsthand.

3. **Harold Williams**
   Collierville, TN 38017

   Harold Williams is an employee with Mercedes Benz of Collierville. Mr. Williams is aware of Mercedes Benz of Collierville terminating their work relationship with Plaintiff after discovering the incident that is the subject of this action.

4. **Joseph Harris**
   Current address unknown
   Current phone number unknown
   Joseph Harris is a named Defendant in this action and was the initial officer that approached Plaintiff in the incident that is the subject of this action.

5. **Lieutenant Robert Scott**
   Hernando Police Department; 2601 Elm St., Hernando, MS 38632
   662-429-9096
   Lieutenant Robert Scott is a named Defendant in this action and assisted Joseph Harris in the incident that is the subject of this action

6. **Officer Roger Swatzyna**

5

Hernando Police Department; 2601 Elm St., Hernando, MS 38632
662-429-9096
Officer Roger Swatzyna was a responding officer to the incident that is the subject of this action.

7. **Officer A. Lewis**
Hernando Police Department; 2601 Elm St., Hernando, MS 38632
662-429-9096
Officer A. Lewis was a responding officer to the incident that is the subject of this action.

8. **Officer Brian Bell**
Hernando Police department; 2601 Elm St., Hernando, MS 38632
662-429-9096
Officer Brian Bell encountered the Plaintiff the night prior to the incident that is the subject of this action.

**INTERROGATORY NO. 3:** Identify any and all persons who are believed to have made or have knowledge of any statements (whether oral, written, on audiotape or videotape, or in any other form) made by any employees, agents or representatives of Defendant, which support or tend to support the allegations of the Amended Complaint. For each such person, identify:

(a) the person's name, address and telephone number;

(b) the statement or statements allegedly made, whether verbally or in writing or in any other form; and

(c) the name, address and telephone number of the person or persons having custody of any document, audiotape or videotape containing such statement(s) and describe each such document, audiotape or videotape.

**Response:** Plaintiff objects to the interrogatory as it calls for Plaintiff to speculate beyond the scope of Plaintiff's knowledge. Without waiving said objection, Plaintiff answers as follows:

1. **Joseph Harris**
Address unknown
telephone unknown
Hernando Police Department maintains custody of any written reports, whether written, audio, or video, made by Joseph Harris.

2. **Lieutenant Robert Scott**
Hernando Police department; 2601 Elm St., Hernando, MS 38632
662-429-9096

6

Hernando Police Department maintains custody of any written reports, whether written, audio, or video, made by Lieutenant Robert Scott.

3. **Officer Roger Swatzyna**
Hernando Police Department; 2601 Elm St., Hernando, MS 38632
662-429-9096
Hernando Police Department maintains custody of any written reports, whether written, audio, or video, made by Officer Roger Swatzyna.

4. **Officer A. Lewis**
Hernando Police Department; 2601 Elm St., Hernando, MS 38632
662-429-9096
Hernando Police Department maintains custody of any written reports, whether written, audio, or video, made by Officer A. Lewis.

5. **Officer Brian Bell**
Hernando Police Department; 2601 Elm St., Hernando, MS 38632
662-429-9096
Hernando Police Department maintains custody of any written reports, whether written, audio, or video, made by Officer Brian Bell.

6. Chief Scott Worsham
Hernando Police Department; 2601 Elm St., Hernando, MS 38632
662-429-9096
Hernando Police Department maintains custody of any written reports, whether written, audio, or video, made by Chief Scott Worsham

**INTERROGATORY NO. 4**: Please identify any person with whom Plaintiff has spoken or communicated in any way regarding the subject matter of this lawsuit, and for each person identify:

(a)     the person's name, position, address and telephone number;

(b)     the statement or statements allegedly made by Plaintiff, whether verbally or in writing or in any other form;

(c)     the date Plaintiff made any alleged statements; and

(d)     the name, address and telephone number of the person or persons having custody of any document, audiotape or videotape containing such statement(s) and describe each such document, audiotape or videotape.

**Response:**

7

1. **Beverly Harris**
   a. ████████████ Clarksdale, MS
   b. ████████████
   c. Plaintiff described the incident and the injuries he sustained from the incident that is the subject of this action
   d. Multiple dates
   e. None

2. **Harold Williams**
   a. ████████████████ Collierville, TN 38017
   b. ████████
   c. Plaintiff the nature of the incident with Harold Williams on the day Mercedes Benz terminated their relationship with Plaintiff.

**INTERROGATORY NO. 5:** Identify all documents and/or tangible things known by you to exist, and the location and custodian of each document, that tend to support or contradict the allegations made in the Amended Complaint.

**Response**: Plaintiff is still accumulating all medical records and will update these discovery responses once they receive them. Plaintiff has photographs of his injuries. Plaintiff asserts that the trial transcript is in the possession of the court reporter for the Honorable Allen Couch. Plaintiff asserts. that all other documents, i.e., dispatch transcripts, Affidavits, time logs, etc., are in Defendants possession.

**INTERROGATORY NO. 6:** Describe in detail and with specificity any and all photographs, videotapes, audiotapes or other recordings, by whatever means produced, which you contend may be relevant to the claims in this case, including all photographs, tapes, or recordings of any agent, employee, or former agent or employee of Defendant in your possession or of which you have knowledge, including a description of the contents of such, the present location of such, the person(s) portrayed in such, the person(s) responsible for such, and the date(s) such were made.

**Response:**

a. Photo of injuries to Plaintiff's back: photo speaks for itself

b. Photo of injuries to Plaintiff's wrist: photo speaks for itself

     c.  Photographs of Plaintiff's vehicle parked on the date of the incident: photo speaks for itself

     d.  Photos of Trapper Drive: Photos show Trapper Drive and show that "No Parking" signs were not installed on the street

**INTERROGATORY NO. 7:** Please itemize any and all damages to which you contend you are entitled by virtue of the allegations raised in the Amended Complaint, including documentation of how you arrived at your damages claims, the specific calculations demonstrating why you are entitled to this amount, identification of all documents you contend support your claim for damages, and identification of all witnesses believed to have information or knowledge concerning your claim for damages.

    **Response:** Damages are still being calculated and will be supplemented upon completion.

**INTERROGATORY NO. 8:** Please state whether you seek damages for emotional and mental distress and, if so, identify each witness to the alleged emotional and mental distress, and for each, state:

    a.    His/her name, address and telephone number;

    b.    When he/she witnessed the alleged distress; and

    c.    A complete factual statement of the information you believe each witness will testify about concerning your claims of emotional or mental distress.

    **Response:** Plaintiff seeks damages for emotional and mental distress. Plaintiff reserves the right to supplement any witnesses to the emotional and mental distress.

**INTERROGATORY NO. 9:** If you seek damages for emotional and mental distress, please identify all documents you have which tend to support or contradict your claim for emotional and mental distress damages.

Response: Plaintiff is accumulating all documents that may support his claim for emotional and mental distress damages and reserves the right to supplement his responses to these interrogatories.

**INTERROGATORY NO. 10:** Please state the name and address of each and every hospital, clinic, institution, medical doctor, osteopathic doctor, health care provider, psychologist, psychiatrist, physical therapist, counselor, and clergy member with whom or by which you were treated, examined, or counseled within ten (10) years immediately preceding the incident upon which your Amended Complaint is based for any physical or emotional injury or other physical or mental condition, and for each, please state:

    (a)    name, address and telephone number;

    (b)    the date or dates of each such treatment, examination or consultation; and

    (c)    the reason or reasons for each such treatment, examination or consultation and the nature of the treatment, examination or consultation you received, and

    (d)    identify all documents or records concerning such treatment and the individual(s) in possession of said documents.

**Response:** None

**INTERROGATORY NO. 11:** Please state and describe with particularity any and all medical or psychiatric treatment you received as a result of the allegations levied in the Amended Complaint, including the physician or healthcare provider who rendered such treatment; the date(s) such treatment was rendered; and the physician or healthcare provider's prognosis concerning your future condition, and for each please state:

    (a)    name, address, telephone number and area of specialty;

    (b)    the date or dates of each such treatment, examination, or consultation;

    (c)    the reason or reasons for each such treatment, examination, or consultation and the nature of the treatment, examination, or consultation received by you, and

    (d)    identify all documents or records concerning such treatment and the individual(s) in possession of said documents.

**Response:** None

**INTERROGATORY NO. 12:** Please state and itemize all medical expenses you allegedly incurred, including all hospital, drug, doctor, counseling or any other related medical bills, which you contend were necessitated as a result of the purported actions or inactions of the Defendants and identify all documents relating to such medical expenses.

**Response:** Plaintiff is still accumulating all medical records and will update these discovery responses once they are received.

**INTERROGATORY NO. 13:** Please list and identify all drugs or medications prescribed to and/or used by you during the last ten (10) years, including the name of the physician who prescribed each type of drug or medication, and the reason therefore, and the name and addresses of all pharmacies where your prescriptions were filled.

**Response:** Glimepiride Metformin: Diabetes Medication

**INTERROGATORY NO. 14:** Please state whether you have ever been arrested for a criminal violation; if so, please state the charge, whether the charge was a misdemeanor or felony; the case number, style, and jurisdiction of any such criminal action against you; and the ultimate disposition of the case (*i.e.*, conviction, charges dropped, pled *nolo contendere*, etc.).

**Response:**

1. Blocking/Obstructing Traffic:
   a. Misdemeanor
   b. City of Hernando cause number: T2018-O3512
   c. Found not guilty by Desoto County Court at trial.
2. Resisting arrest:
   a. Misdemeanor
   b. City of Hernando cause number:M2018-O1284
   c. Found not guilty by Desoto County Court at trial

**INTERROGATORY NO. 15:** Please identify any prior lawsuits or legal proceedings to which you have been a party. For each law suit or legal proceeding: (a) describe the nature of

11

the proceeding; (b) describe the outcome or resolution of the proceeding; (c) the cause number or other identifying number; (d) court wherein the case was filed; and (e) parties and attorneys involved.

       **Response:**

1. Bankruptcy
   a. United States Bankruptcy Court for the Northern District of Mississippi
   b. Cause Number: 17-12838-JDW
   c. Dismissed by the Court
2. Bankruptcy
   a. United States Bankruptcy Court for the Northern District of Mississippi
   b. Cause Number: 18-14195-JDW
   c. Dismissed by the Court

**INTERROGATORY NO. 16:** Please provide your complete work history to date, including: (a) the name and address of each employer (ending with Plaintiff's current or most recent employer); (b) dates of employment; (c) title or position held and brief description of job responsibilities; (d) rate of pay (including salary, benefits, bonuses, perquisites, etc.); (e) reason for termination or separation from employment; and (f) name and position of supervisor(s).

       **Response:**

1. X-Pert Tune- Technician
   a. 1984-1992
   b. $12.00/hr
   c. Reason for departure: New Job
2. FedEx- Handler
   a. 1990-1991
   b. Reason for departure: New job
3. United Parcel Service: Supervisor
   a. 1992- 2015
   b. $7,500.00/month
   c. Reason for departure: Retired
4. Self employed
   a. 2016-Present
   b. Pay varies

**INTERROGATORY NO. 17:** Please identify any and all documents, records, e-mails, correspondence, SIM cards, text messages, recordings, and/or other electronic data or information related to the facts and matters alleged within the Amended Complaint.

**Response**: Plaintiff objects to this Interrogatory as it is overly broad, redundant, and vague.

**INTERROGATORY NO. 18**: Describe in detail your educational background, and include the names and addresses of all institutions that you have attended, the dates of attendance, and a description of the degrees or certificates that you have obtained.

**Response**:

1. Meridian High School: 1980-1983; High School Diploma
2. Nashville Auto Diesel College: 1983; Certificate

**INTERROGATORY NO. 19**: Please identify all social media or other internet sites that you have had a personal email or social media account with, have posted on, or otherwise utilized in any way, including but not limited to Facebook, Twitter, or Instagram, during the last five (5) years. Please identify any email address(es) associated with each account, any name or other identifier used to participate on each social media site, and any postings on any social media site which relate in any way to the facts or allegations in the Amended Complaint, including postings that may have been deleted.

**Response**:      Yahoo mail account: GeoTransportation@yahoo.com

**INTERROGATORY NO. 20**: With regard to any persons whom you have already contacted or consulted, and others that you expect to, or may call, as expert witnesses at the trial of this case, please provide the following information: each such person's name/title, and both their home and business addresses and telephone numbers; the field(s) of expertise of each such person; a summary of each such person's qualifications or a copy of their most recent curriculum vitae; a summary of the substance of the facts and opinions to which each such person is expected to render an opinion and/or testify; and a summary of the grounds substantiating the facts and opinions given by each such person.

13

**Response:**

1. Ramous Austin, CEO/Certified Crime Prevention Specialist
   Address: ███████ Jackson, MS
   Phone: ███
   See witness' Resume attached for field of expertise and qualifications.
   See witness' report

Submitted this the 28th day of April 2021.

ATTORNEYS FOR PLAINTIFF

**/s/ Garret T. Estes**
John Keith Perry, Jr. (MSB#: 99909)
Garret T. Estes (MSB# 105517)
**PERRYGRIFFIN, P.C.**
5699 Getwell Road, Bldg. G, Suite 5
Southaven, MS 38672
Tele:   (662) 536-6868
Fax:    (662) 536-6869
Email: JKP@PerryGriffin.com
         GE@PerryGriffin.com

## CERTIFICATE OF SERVICE

I certify that, on April 28, 2021, I have this day caused to be served via United States Mail, postage prepaid, a true and correct copy of the foregoing Plaintiff's Amended Responses to First set of Interrogatories to the following counsel of record:

:

G. Todd Butler, MB #102907
Mallory K. Bland, MB #105665
4270 I-55 North
Jackson, Mississippi 39211-6391
Post Office Box 16114
Jackson, Mississippi 39236-6114
Email: todd.butler@phelps.com
Email: mallory.bland@phelps.com

**/s/ Garret T. Estes**
Garret T. Estes

VERIFICATION

STATE OF MISSISSIPPI

COUNTY OF _____

    I, George W. Welch, after first being duly sworn, according to law, hereby make oath that I have

read and understand the foregoing Answers to Interrogatories and that they are true and correct to the best

of my knowledge, information and belief.


_____
GEORGE WELCH

    Sworn to and subscribed before me this 12 day of _____, 2021.

_____
Notary Public


My commission expires: _____