IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

| | |
|---|---|
| GEORGE WELCH | PLAINTIFF |
| VS. | CIVIL ACTION NO.: 3:20-cv-00122-NBB-JMV |
| CITY OF HERNANDO, MISSISSIPPI, ET AL. | DEFENDANTS |

MUNICIPAL DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO EXCLUDE EXPERT TESTIMONY OF RAMOUS AUSTIN

Municipal Defendants the City of Hernando, Mississippi, Joseph Harris, and Robert Scott have moved for summary judgment and filed a brief that lays out the facts of this case as well as the governing law. *See* Doc. No. 84, 85. In short, Plaintiff George Welch was drive stunned twice after repeatedly refusing to obey verbal commands given by Officer Harris and physically resisting arrest. *Id.* at pp.4-5. Welch was charged with obstruction of traffic, failure to comply, and resisting arrest. *Id.* at p.6. He initially was found guilty of the obstruction and resisting charges, but his convictions were overturned on appeal. *Id.* Welch filed this civil lawsuit for damages. Welch has designated Ramous Austin as a law enforcement expert and served Municipal Defendants with a corresponding report. *See* Austin Expert Designation and Report, Ex. A.

This Court need never reach this motion because Municipal Defendants are entitled to summary judgment for all of the reasons explained in the separate filings. But if it is reached, Austin should be excluded.

**ARGUMENTS AND AUTHORITIES**

There are both procedural and substantive problems with Austin's report.

Procedurally, Federal Rule of Civil Procedure 26(a)(2)(B) requires that an expert disclosure must be accompanied by a written report. The written report must contain: (1) a complete statement of all opinions the witness will express and the basis and reasons for them; (2) the facts or data considered by the witness in forming them; (3) any exhibits that will be used to summarize or support them; (4) the witness's qualifications, including a list of all publications authored in the previous 10 years; (5) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (6) a statement of the compensation to be paid for the study and testimony in the case.

Austin's report fails to satisfy the requirements of Rule 26(a)(2)(B) in several respects: (1) it fails to include a list of all publications authored in the previous 10 years; (2) it fails to give a complete and sufficient list of cases in which he has testified at trial or by deposition in the last four years; and (3) it fails to give a statement of his compensation.

The list of publications and statement of compensation were not provided at all. There can thus be no argument that Welch's disclosure was adequate on these grounds.

Regarding Welch's failure to provide a complete list of previous cases in which Austin has testified in the last four years, "[t]he failure to disclose other cases is prejudicial. Having access to other cases in which the expert witness has testified allows the opposition to obtain prior testimony of an expert and potentially, to identify inconsistent positions taken in previous cases for use in cross-examination. This testimony may also be useful ... in ascertaining the legitimacy of [the] expert." *Arnold v. City of San Antonio*, 2009 WL 780671, *3 (W.D. Tex. 2009) (internal quotations and citations omitted). The requirement of a list of cases requires, at a minimum, "the courts or administrative agencies, the names of the parties, the case number, and

whether the testimony was by deposition or at trial." *D'Souza v. Marmaxx Operating Corp.*, 2017 WL 1322243, *8 (W.D. Tex. 2017).

Austin's list of previous cases fails to provide dates, making it impossible to know if it is a complete listing of cases in which he has testified in the last four years.[1] He also fails to include the court and/or cause number for most of the cases, again making it impossible for Defendants to find and review prior testimony.[2] Such omissions are prejudicial to Defendants. *Arnold*, 2009 WL 780671 at *3.

Substantively, Federal Rule of Evidence 702 precludes expert testimony that crosses the line between a "mere explanation of the expert's analysis of the facts" and a "forbidden opinion on . . . ultimate legal issue[s]." *See Hamilton v. McLemore*, 2020 WL 4455168, *1 (S.D. Miss. 2020) (cleaned up).

Many of Austin's "opinions are impermissible legal conclusions." *See Parks v. Yazoo Cty.*, Case No. 3:19-cv-00632-DPJ-FKB, Doc. No. 96 at p.6 (S.D. Miss. Nov. 12, 2020). Take the following as examples:

- Austin opines at page 6 that "[t]he force used to apprehend George Welch was inexcusable" and "[t]he attempt itself should not have even taken place as [t]here was no treat to Ofc. Harris's safety or reason for Ofc. Harris to even initiate the arrest."[3]

- Austin opines at page 6 that "Ofc. Harris failed provide George Welch with 'reasonable' time to comply with his verbal commands."

- Austin opines at page 6 that "Ofc. Harris failed to use his training and understanding of the law as it related to Mississippi Code 97-35-25."

- Austin opines at page 7 that "[o]ther officers on scene failed to intervene and take control of the situation and or protect George Welch from the assault."[4]

---

[1] *See* Ex. A.
[2] *Id.*
[3] Austin bases this on his opinion that the traffic violation was a "non-moving violation" and Officer Harris could have written a ticket without seeing Welch's license. But it is indisputable that Miss. Code § 97-35-25 provides that obstruction of traffic is an arrestable offense.

- Austin opines on page 7 that "Lt. Scott should have advised Ofc. Harris that his actions were not justifiable and released George Welch."

- Austin's expert designation also provides that: "Mr. Austin is expected to opine that Plaintiff made no actions or statements that constituted the force applied to him and his injuries were reasonably preventable and unjustifiable[;]" "Mr. Austin is expected to testify that the actions and inactions of Officer Harris and other officers of the Hernando Police Department were reasonably preventable, unjustifiable[;]" Mr. Austin is further expected to opine that the actions and statements by Plaintiff was no threat to Officer Harris' safety and that Plaintiff's actions nor statements were reason for Officer Harris to even initiate an arrest[;]" "Mr. Austin will also testify that other officers on scene, including a supervisory officer, failed to intervene and take control of the situation, and failed to offer medical treatment to Plaintiff after being struck physically and drive-stunned."

The Fifth Circuit, as well as district courts, have made clear that such opinions are not admissible. *See Albert v. City of Petal*, 819 F. App'x 200, 202 (5th Cir. 2020); *McBroom v. Payne*, 478 F. App'x 196, 200 (5th Cir. 2012); *see also Parks*, Case No. 3:19-cv-00632-DPJ-FKB, Doc. No. 96 at p.6.

The claims in this case are unlawful arrest, excessive force, and failure to intervene.[5] The unlawful arrest claim requires a probable-cause analysis.[6] "It is a well-settled rule of evidence that whether or not probable cause to arrest existed is a legal determination that is not properly the subject of expert opinion testimony." *Sakoc v. Carlson*, 2014 WL 12717389, *3 (D. Ver. 2014) (cleaned up).

But even if it were, expert testimony must be the "product of reliable principles and methods" and "reliably appl[y] the principles and methods to the facts of the case." *Johnson v. Arkema, Inc.*, 685 F.3d 452, 459 (5th Cir. 2012). Austin does not apply any principles—reliable

---

[4] This statement also misrepresents the evidence since it is undisputed that no other officers arrived on scene until after Welch had been tased and was handcuffed. No other officer saw the struggle between Harris and Welch. It is beyond debate that "[w]hen an expert's testimony is 'not based upon the facts in the record but on altered facts and speculation designed to bolster [a party's] position,' the trial court should exclude it." *Moore*, 547 F. App'x at 515 (quoting *Guillory v. Domtar Indus., Inc.,* 95 F.3d 1320, 1331 (5th Cir. 1996)).

[5] *See* Doc. No. 27.

[6] *See* Doc. No. 71, at pp.6-7.

or otherwise—in his analysis. He simply states that he used "reasonable methods and calculations" and but fails to state what these are.[7] He goes into detail as to a "foreseeability" analysis that he then does not apply. Since Austin does not even tell this Court what his "principles and methods" are, it is impossible to conduct a meaningful reliability analysis. *See Accord Paz v. Brush Engineered Materials, Inc.*, 555 F.3d 383, 389 (5th Cir. 2009) (explaining that a witness' "mere assurances" that her methods were "generally accepted" was insufficient to show reliability).

Austin's proposed testimony would only lead to juror confusion. Stated plainly, his opinions about whether Harris violated his training (without having reviewed Harris' training records or stating what Harris would have been trained to do in the situation) have no bearing on the constitutional issues presented. To be sure, whether an officer complied with police department procedures or national standards is not the question. *See United States v. Thomas*, 997 F.3d 603, 615-16 (5th Cir. 2021) ("The issue before us is whether the officers' conduct violated the Fourth Amendment [and] [w]hether a police department's specific policy limits officers from engaging in conduct that the Constitution permits has little relevance to the question of whether [there is] a violation of the Constitution itself."); *Harris v. Payne*, 254 F. App'x 410, 417 (5th Cir. 2007) ("That Zugg and Waldrop also violated internal policies does not transform Harris's claim into one of constitutional dimension."); *United States v. De Leon-Reyna*, 930 F.2d 396, 399-400 (5th Cir. 1991) (en banc) ("[T]he issue here is not whether Martinez should have followed his unit's code word policy, but rather whether his good faith reliance on the license plate report, along with the other circumstances, in determining to stop the defendant's truck, was objectively reasonable. We do not view the code word policy as being constitutionally mandated or as establishing a constitutional minimum for reliability. Moreover,

---

[7] *See* Ex. D.

the policy plainly does not have the force of law, and there is nothing to suggest that it is even written, much less published."). His only opinion is that Welch should not have been arrested for a non-moving violation, without mentioning that a violation of Miss. Code § 97-35-25 is an arrestable offense, and that he believes Harris became emotional. Such opinions are not reliable nor are they helpful to the jury.

Furthermore, many of Austin's opinions are not only irrelevant but are prejudicial to Municipal Defendants. For example:

- Austin states that "[w]ith the knowledge of tragic outcomes where black men/suspects have perished in horrific or accidental manners the trained Law Enforcement Officers should have known or had reasonable knowledge of the potential outcome." He also states as part of his methodology that he reviewed "the climate between law enforcement and African American community particularly African American men." To be clear, No race-based claim has been brought in this case. For Austin to try to interject race into this case is irrelevant and highly prejudicial to Defendants.

- On page 7, Austin notes that "none of the reports from the officers on scene . . . advise[d] that any kind of medical treatment was offered to George Welch." Austin's expert designation also states that "Mr. Austin will . . . testify that other officers on scene . . . failed to offer medical treatment to Plaintiff after being struck physically and drive-stunned." Once again, no failure to provide medical care claim has been brought in this case. And Welch admits that he suffered only minor injuries for which he did not seek medical treatment.

\* \* \* \*

The bottom line is that Austin can add nothing to this case. Established law mandates summary judgment, but, even if it did not, Austin should not be allowed to testify.

For these reasons, the motion to exclude should be granted.

Dated: June 22, 2021.

- 6 -
PD.33623029.1

- 7 -

        Respectfully submitted,

        PHELPS DUNBAR, LLP

BY:   */s/ G. Todd Butler*
        G. Todd Butler, MB # 102907
        Mallory K. Bland, MB # 105665
        4270 I-55 North
        Jackson, Mississippi 39211-6391
        Post Office Box 16114
        Jackson, Mississippi  39236-6114
        Telephone: 601-352-2300
        Telecopier: 601-360-9777
        Email: butlert@phelps.com
                blandm@phelps.com

        **ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

  I, MALLORY K. BLAND, do hereby certify that on June 22, 2021, I electronically filed the above and foregoing *MEMORANDUM* with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all counsel of record.

                */s/ G. Todd Butler*
                G. TODD BUTLER